## MAYTAG CO. v. BROOKLYN EDISON CO., Inc.*
### No. 51.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1936.

Wallace R. Lane, of Chicago, Ill., Oscar W. Jeffery, of New York City, Clarence J. Loftus, of Chicago, Ill., and John F. Ryan, of New York City, for appellee.

William H. Davis and Dean S. Edmonds, both of New York City, George I.

*Writ of certiorari denied 57 S. Ct. 493, 81 L. Ed. ——.

Haight, of Chicago, Ill., Charles W. Riley, of New York City, and Edgar F. Beaubien, of Chicago, Ill., for appellant.

Robb & Morris, Thomas W. Morris, and Ralph H. Robb, all of Boston, Mass., amici curiæ.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of patent No. 1,866,779 granted July 12, 1932, for a washing machine. The three claims in suit are Nos. 23 and 26 for an apparatus and No. 38 for a method claim. They are found in the margin.[1]

The patent, after referring to the wear and tear encountered in washing clothes in washing machines, in which the materials to be washed are rubbed or drawn through the water by a dolly or other mechanism, or tumbled against the sides of the tub or rubbed against projections on the interior of the tub, points out the desirability of a washing operation in which the friction on the articles to be washed is reduced, thus preserving them. The machine is constructed by combining the tub and gyrator (an impeller or agitator) used in washing machines and so operating the latter that it and the tub coact to give the clothes to be cleansed while in a "suspended condition" in the washing liquid, a definite washing and cleansing movement within the tub. The gyrator is illustrated in the drawings as mounted on the bottom of the tub.

---

[1] 23. A washing machine comprising in combination, a tub for containing cleansing liquid and materials to be cleansed, said tub having a bottom portion and an upwardly extending wall portion, the interior surface of which is free from rubbing projections, a rotary reciprocatory impeller mounted in the tub adjacent its bottom, having a base and a plurality of blades, each of which is of substantial height and lateral area, and a central portion projecting upwardly from the base, the upper surface area of the base being considerably less than the horizontal cross-sectional area of the tub through its upwardly extending portion, the margin of said base being spaced a substantial distance away from the upwardly extending portion of the tub, said tub and impeller being so constructed and positioned relative to each other that when the impeller is rapidly reciprocated each blade and its adjacent portion of the impeller base will simultaneously drive the cleansing fluid in one and then an opposite outward upward circulatory direction toward and around the clothes, and act in co-operation with the interior of the tub to cause violently flowing opposed currents of liquid to meet and flow inwardly and downwardly toward the central portion of the tub, and substantially suspend the materials in the fluid while being washed, a rotary reciprocating drive shaft extending upwardly through the bottom of the tub into the interior thereof for supporting the impeller for movement in a fixed plane, and power means for rapidly reciprocating the shaft and impeller for the purposes set forth.

26. In a washing machine for cleansing fabrics by forcing cleansing fluid through them while substantially suspended by the action of the fluid, as distinguished from pulling or pushing the fabrics through the fluid or against scrubbing surfaces, or otherwise scrubbing them by mechanical means, a tub, a substantially imperforate rotary reciprocatory impeller mounted to operate in a fixed plane having blades of substantial height and area projecting therefrom in a direction toward the fabrics while they are being cleansed, said tub and impeller being so constructed and arranged as to cooperate while the impeller is in operation for whipping the fluid and violently forcing it outwardly, upwardly and in a general vertical and circulatory movement and circumferentially of the tub first in one and then in an opposite direction and through and around the materials and substantially suspending the materials in the fluid while being washed, and power means for rapidly reciprocating the impeller.

38. The method of washing fabrics by forcing cleansing liquid through and around them while substantially suspended by the action of the fluid, as distinguished from pulling fabrics through the fluid against scrubbing corrugations, or otherwise scrubbing them by mechanical means, comprising immersing the fabrics in a washing fluid in a container, then vigorously and rapidly impelling the washing fluid in one and then in an opposite outward circulatory direction away from the plane of the source of impulsion and through the fabrics and circumferentially along the interior of the container in rapid succession, and causing these violently opposed currents of fluid to meet and flow inwardly and toward the central portion of the container, and toward the source of impulsion thereby substantially suspending the fabrics in the fluid and cleansing them while thus suspended.

The course of the washing and cleansing movement of the contents of the tub is described as "normally radially outward from the center portion of the tub, then upwardly, then inwardly, and then downwardly toward the center of the gyrator, and yet at the same time there is a generally rotary progression or movement by the inside of the tub, first in one direction and then in the opposite direction."

This action of the water imparted by the gyrator causes the water in turn to impart similar action to the fabrics. The liquid content of the tub responds to the action of the gyrator (bladed impeller) when it is rapidly rotated first in one direction and then in a reverse direction. If the gyrator is mounted at the top of the tub, the course of movement is produced in a reverse direction than when it is mounted at the bottom of the tub. The rotary oscillation of the gyrator is referred to as "rapid" and "energetic." The fabrics are said to be maintained in a "suspended condition, suspension, and substantial suspension" in the soapy water or other cleansing liquid used and out of substantial rubbing contact either with the tub or with the agitator. The "substantial suspension" out of substantial rubbing condition is not definitely defined. The specification says that the weight of the articles being washed does not interfere with the gyrator or its action nor do the movements of the gyrator interfere with the goods. It says, the clothes are washed "by action of the water itself on the materials as distinguished from their being rubbed or drawn through the water by a dolly or other mechanism or rubbed against the sides of the tubs or rubbed against the projections on the interior of the tub." The patent says that the water action "largely prevents rubbing clothes against the container or the gyrator."

The evidence shows that the machine made under the patent and the machines of the appellant, as well, cannot wash by water action alone. Some scrubbing, pounding, or flexing to deform the threads of the fabric is indispensable to the clothes washing operation. In the machine made under the patent, the circular movement of the water and the clothes does in fact bring the clothes and different portions of them rapidly in contact with the impeller blade which scrub, beat, and flex the clothes to conform the threads and loosen the dirt from the interstices of the fabrics. Indeed, the appellee does not claim that there is no rubbing of the clothes against the container or the gyrator but that this is largely prevented in its machine. It says claim 38 calls for substantially suspending the materials while they are being washed. Throughout the specifications and claims it is taught that the machine operates primarily by water action. Thus the method claim as well as the apparatus claims call for washing clothes partly by water action and partly by rubbing the clothes against the moving agitator blades, with the rubbing the subordinate instead of the dominant factor in the cleansing.

Snyder's claim is that an improved method of washing may be effected by immersing the fabrics in soapy or other cleansing fluid in a tub and then impelling the washing fluid about the tub in a predetermined course, specified so "vigorously and rapidly" that the movement imparted to the wash water in turn imparts a similar movement to the fabrics, in which movement the fabrics are distorted and manipulated by the water action and contacts between the clothes and the impeller also occur, whereby the clothes are washed partly by water action and partly by rubbing.

The art already knew how to wash fabrics by immersing them in a soapy fluid by this method. The method claim is broad without regard to the kind of tub or impeller employed to set up the required movement of the washing fluid and without regard to whether the direction of flow imparted to the fluid is that given when the source impulsion is the bladed impeller mounted in the bottom of the tub or the reverse direction set up when the source of impulsion is the bladed impeller so mounted as to depend into the water from the top of the tub. In neither the patent nor in the machine sold by the appellant are there rubbing or scrubbing ribs or corrugations within the tub. Machines of this type, referred to as the agitator type, are characterized by washing action in which there is a vigorous agitation of the water by the agitator and whatever rubbing of the clothes there is, is effected by the impeller.

Machines of this type were disclosed in the Davis patent, No. 1,240,826, September 25, 1917, and were manufactured and sold by the "1900 Company" under

Mr. Davis' supervision. The Davis patent recites:

"One of the objects of the invention is to provide an agitator having a novel arrangement of ribs or vanes on the lower or active face thereof and which operate to direct the water outwardly by centrifugal force, thereby setting up a circulation downwardly within the tub adjacent the wall thereof, and thence upwardly through the fabrics in the tub and to the center of the space below the agitator.

"A further object is to provide an agitator designed to float upon the water contained within the tub and the ribs on which will not only serve to set up a circulation of water as stated, but will also rub lightly upon the fabrics without danger of injuring them."

The machine described and built consisted of tub, agitator, which floats on the water in the tub, and has eight depending ribs or vanes, projecting into the water toward the clothes; with power means by which a rotary oscillating movement may be imparted to the agitator. The tub is smooth-walled. The agitator is free of obstructions other than the ribs. The ribs or vanes are regularly spaced and disposed radially on the lower face of the disc. They extend from the rim of the disc toward the center; six are shorter than the other two, and all are beveled at their inner ends, leaving the center of the disc clear. Describing the operation of the machine, the patent says:

."First they will throw the upper portion of the water by centrifugal force toward the wall of the tub, thus creating a suction under the center of the disk, with the result that the water displaced upwardly by this suction will force its way through the fabrics and will create a circulation inwardly adjacent the bottom of the tub and downwardly adjacent the wall thereof. Thus the fabrics will be thoroughly cleaned without being pulled and distorted, the circulation of the water through the fabrics resulting in the removal of the dirt therefrom. In addition to the foregoing the ribs will act as rubbing elements inasmuch as they will engage lightly with the ·fabrics thereunder."

Thus Davis taught the appellee's method of washing fabrics by putting the clothes into a smooth-walled tub containing washing fluid and then setting up a circulation of the water through and around the clothes and about the tub by driving the upper portion of the water outwardly toward the wall of the tub, then downwardly within the tub adjacent to the wall thereof, and thence upwardly through the fabrics in the tub and to the center of the space below the agitator.

In the Davis machine the agitator is mounted to depend into the water from the top of the tub, whereas in the Snyder patent it is mounted in the bottom of the tub. After describing the water action, Davis says that the fabrics will be thoroughly cleansed as a result of the circulation of the water, and that in addition the ribs of the agitator are engaged lightly with the fabrics. There is ample evidence to show that commercial machines were constructed under this patent and a very considerable number sold and used. Tests made demonstrated the movements of the wash water on the fabrics to be of the same character as that made by the appellee's machine with the inverted impeller. Clothes were washed by the rubbing or pressure of the vanes coupled with the circulation of the water in the tub directed and forced by these vanes. Thus, in the washing operation, the movement of the water in the Davis patented machines does in turn impart a similar movement to the fabric and thus anticipated the method of washing described in the patent as claim 38. Form 4 machine, made as described in Doughty-Davis patent, No. 1,496,305, prior to Snyder, with the impeller in the bottom, applied the same movement or method for the flow of the washer fluid. It provides the same circulation movement of the water and the fabrics. It too anticipated the patent. Mere speeding up or obtaining a greater rapidity than that of the Davis machine did not constitute inventive thought over Davis.

Claims 23 and 26 provide for three mechanical elements so constructed and arranged that operation of the machine, with materials to be washed and cleansing fluid in the tub, will result in the characteristic movement described in the method claim 38. The elements are a tub, a substantially imperforate rotary impeller having blades of substantial height and lateral area projecting into the tub and mounted to operate in a fixed plane and power means for rapidly reciprocating the impeller. These elements in combination illustrate and describe the patented claims.

Any shape tub will do. The interior surface may be corrugated or smooth. The impeller may be of any shape or it may or may not have a central tapered dome, and blades may be of any shape and need not be uniform or equally spaced. The elements of this claim were disclosed in the "1900 Company" machines manufactured and sold before Snyder's date of invention. These machines had the three mechanical elements called for by the claim, and they are so constructed and arranged as to drive the wash water about the tub in the prescribed course with sufficient vigor to impart a similar movement to the clothes. Machines made under the Davis patent had these elements in combination.

The British patent to Jardine of 1891 also comprised these elements. A tub, a bladed agitator, and driving mechanism to impart motion to the agitator. They are also characterized by the absence of rubboard surfaces within the tub and by a vigorous agitation of water by the agitator. The only rubbing that occurs is between the clothes and the agitator. The current arresting blades on the wall of the tub are cut away up to a point sufficiently above the level of the impeller and the inventor says that the agitator is caused to rotate in each direction alternately and reciprocally and the claims call for "circular washing machines with a revolving or reciprocating dolly." The vertical ribs or projections on the inner surface of the tub have no functions and do not affect the washing operation when the agitator is reciprocated instead of being revolved. This patentee recognized the machines of this type were old, but claimed as an improvement means to prevent the articles being washed from damage by being caught in between the rim or bottom of the machine and the dolly. This was the difficulty of machines of the bottom positioned agitator type.

Claim 23 is intended to provide elements for a machine so constructed and positioned as to bring about the characteristic movements of the contents of the tub. That claim differs from claim 26, in that the impeller is now said to be "mounted in the tub adjacent its bottom." The upper surface area of the base is to be "considerably less than the horizontal cross sectional area of the tub," and the margin of the base is to be spaced a substantial distance away from the upwardly extending portion of the tub, and the impeller is described with respect to its shape and the nature of its impelling action. The requirements of this claim are fulfilled in all respects, including the requirement that the impeller should be mounted in the tub adjacent to its bottom by the machines manufactured by the "1900 Company" and those made pursuant to the patent to Jardine.

The prior art taught how to construct the tub with a "bottom portion and an upwardly extending wall portion," the integral surface of which is free from rubbing projections. The art had been taught the use of the rotary reciprocatory impeller mounted in the tub adjacent to its bottom and an impeller having a base and plurality of blades, each of which is of substantial height and lateral area.

It is clear that, when the impellers of the prior art machines are rapidly reciprocated, the water action specified in the claim occurs. The machines disclosed by the prior art answer a description of claims 23 and 26 as to every necessary element and the relative proportions and arrangement of the parts. Mere speeding up to greater rapidity than the prior machines did not constitute inventive thought. The claims are anticipated by the prior art and render these claims of the patent invalid.

Judgment reversed.