**MAYTAG CO. v. EASY WASHING MACH.
CORPORATION.**

**SAME v. HURLEY MACH. CO. et al.**

**Nos. 230, 231.**

Circuit Court of Appeals, Second Circuit.

April 4, 1938.

Wallace R. Lane, of Chicago, Ill., Oscar W. Jeffery, of New York City, and Clarence J. Loftus, of Chicago, Ill., for appellant.

William H. Davis and Dean S. Edmonds, both of New York City, George I. Haight, of Chicago, Ill., Charles W. Riley, of New York City, and Edgar F. Beaubien, of Chicago, Ill., for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

These suits are for infringement of patent No. 1,866,779 for a gyrator type of washing machine. We held this patent invalid as to claims 23[1] and 26;[2] also, claim 38, for a method claim, in our determination of a suit in Maytag Co. v. Brooklyn Edison Co., Inc., 2 Cir., 86 F.2d 625. In addition to these claims (23 and 26), claim 29[3] is here in suit.

[1] 23. A washing machine comprising in combination, a tub for containing cleansing liquid and materials to be cleansed, said tub having a bottom portion and an upwardly extending wall portion, the interior surface of which is free from rubbing projections, a rotary reciprocatory impeller mounted in the tub adjacent its bottom, having a base and plurality of blades, each of which is of substantial height and lateral area, and a central portion projecting upwardly from the base, the upper surface area of the base being considerably less than the horizontal cross-sectional area of the tub through its upwardly extending portion, the margin of said base being spaced a substantial distance away from the upwardly extending portion of the tub, said tub and impeller being so constructed and positioned relative to each other that when the impeller is rapidly reciprocated each blade and its adjacent portion of the impeller base will simultaneously drive the cleansing fluid in one and then an opposite outward upward circulatory direction toward and around the clothes, and act in cooperation with the interior of the tub to cause violently flowing opposed currents of liquid to meet and flow inwardly and downwardly toward the central portion of the tub, and substantially suspend the materials in the fluid while being washed, a rotary reciprocating drive shaft extending upwardly through the bottom of the tub into the interior thereof for supporting the impeller for movement in a fixed plane, and power means for rapidly reciprocating the shaft and impeller for the purposes set forth.

[2] 26. In a washing machine for cleaning fabrics by forcing cleansing fluid through them while substantially suspended by the action of the fluid, as distinguished from pulling or pushing the fabrics through the fluid or against scrubbing surfaces, or otherwise scrubbing them by mechanical means, a tub, a substantially imperforate rotary reciprocatory impeller mounted to operate in a fixed plane having blades of substantial height and area projecting therefrom in a direction toward the fabrics while they are so constructed and arranged as to cooperate while the impeller is in operation for whipping the fluid and violently forcing it outwardly, upwardly and in a general vertical and circulatory movement and circumferentially of the tub first in one and then in an opposite direction and through and around the materials, and substantially suspending the materials in the fluid while being washed, and power means for rapidly reciprocating the impeller.

[3] 29. In a washing machine, a tub adapted to contain cleansing liquid and materials to be cleansed, a rotary reciprocatory impeller mounted adjacent the bottom of the tub, comprising a substantially imperforate base of substantial height and lateral area projecting from the body of the impeller toward the materials while being washed, said impeller

Claim 29 defines the washing machine of the patent in the same language as claim 26. It differs from claim 26 in that the impeller is expressly stated to be mounted adjacent to the bottom of the tub. In claim 23 of the patent, as in claim 26, the washing machine elements are said to be so constructed and positioned as to bring about the characteristic movement of the contents of the tub. Claim 23 differs from claim 26 in that the impeller is said to be "mounted in the tub adjacent its bottom," the upper surface area of the base is said to be "considerably less than the horizontal cross section area of the tub," and the margin of the base is said to be spaced "a substantial distance" away from the upwardly extending portion of the tub and the impeller is specifically described with reference to its shape and the nature of the impelling action. The limitation "mounted adjacent the bottom of the tub" is found in claim 23.

Since our decision in Maytag Co. v. Brooklyn Edison Co., Inc., supra, Judge Otis of the District Court for the Western District of Missouri has rendered a decision (Maytag Co. v. General Electric Supply Corporation [4]) contrary to our views, holding the claims here in suit valid and infringed. In that decision he expressed a willingness "to make some contribution to the final decision," but, upon examination of what he wrote, we discover no contribution to cause us to change the views expressed in the previous litigation in this circuit as to the invalidity of this patent.

After a full oral argument, a study of the new briefs submitted by the appellant, and after observing a demonstration of the machines, we are of the view that our former determination was correct. We must therefore affirm the decrees and do so upon the authority of Maytag Co. v. Brooklyn Edison Co., supra.

Decrees affirmed.

and tub being so constructed and arranged that they will cooperate, when the impeller is rapidly reciprocated, to cause the liquid to be positively forced outwardly, upwardly and circumferentially along the interior of the tub in one general direction, and then outwardly, upwardly and circumferentially along the tub in the opposite general direction, whereby the materials being washed will be cleansed, the change in direction of movement of the impeller being accomplished suddenly and forcibly to whip the liquid and vigorously force it first in one direction and then in the opposite direction through and around the materials while substantially suspended therein by the action of the liquid, and power means for rapidly reciprocating the impeller.

4 No opinion for publication.