**A. F. HAMACEK MARINE CORPORATION v. UNITED STATES.**

No. K–185.

Court of Claims.

March 6, 1939.

468

Harry C. Bierman, of New York City (Hyman M. Goldstein, of Washington, D. C., on the brief), for plaintiff.

Alexander Holtzoff, of Washington, D. C., and Sam E. Whitaker, Asst. Atty. Gen. (C. Hugh Duffy, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

In view of the facts established by the record in this case, the stated object of the invention, and the description of its construction as set forth in the patent in suit, we are of opinion that plaintiff is not entitled to recover. The essential facts established by the record are set forth in the findings. Plaintiff takes exceptions to certain of the findings and has proposed eighty-two additional findings. Upon consideration of these exceptions and the proposed additional findings in the light of the entire record in the case and the specifications and claims of the patent in suit, we are of opinion that they are not sustained by the record. No useful purpose would be served by a detailed discussion thereof in this opinion.

■ The facts show that if the claims of the patent are so construed as to read upon the alleged infringement structures, they are clearly anticipated by the prior art. The claims define the channels as extending upwardly and inwardly from substantially the midship section of the hull. The prior art shows many and varied forms of such channels commencing at various distances along the aft portion of the hull, and the record establishes that it has been the practice of naval architects for many years to provide an upwardly and inwardly extending water channel on each side of the aft portion of the hull on various types of ships, starting at various points along the ship's length adjacent the bilge and continuing to a point adjacent the stern. A construction of the claims sufficiently broad to cover whatever channels the alleged infringing ships may have, which channels begin at points considerably aft of the midship section of the hull, would clearly render the claims applicable to the prior art structures. If, on the other hand, the claims are narrowly construed to cover the channels extending from substantially the midship section, they do not apply to the structures of the alleged infringing ships which have no channels extending upwardly and inwardly from substantially their midship sections, and no infringement exists. (Finding 24.) Such structures as are found in any of the ships of the defendant extend through less than one-fourth of the length of the vessel rather than substantially the midship section to the stern. (Findings 13 and 14.)

■ With respect to the alleged infringing ships of the Augusta type, the frame members or stations of the aft portion of the hull are convex in form forward of and including frame 31. Frames 32, 33, and 34 have a concavity of the lower portion adjacent the deadwood of the ship; the remaining frames aft of 34 are all convex in form. The concavity extends through only three frames and this is only approximately 15 to 20 per cent of the after half-length of the ship. In the alleged infringing ships of the Salt Lake City class, the frames of the aft portion of the hull forward of station 16 are convex in form. The frame 16 is substantially straight, except for a convex curvature at the upper end where it merges into the knuckle. The frame 16½ is concave in shape in its lower portion which merges into the deadwood. The succeeding frames aft of 16 show a concavity. The concavity begins between frame 16 and 16½ adjacent to the deadwood and extends through 35 to 40 per cent of the after half-length of the ship, but they do not extend upwardly and inwardly from substantially the midship section adjacent the bilge to a point adjacent the stern. For these reasons we think it is clear that plaintiff's patent has not been infringed. (Finding 25.)

■ After a careful consideration of the patent in suit in the light of its disclosures, we are of opinion that the patent is void through a lack of proper description. The description of the invention as set forth in the patent suggests that there should be concave longitudinal channels in the after under-body portion of the hull in order to utilize the impact of the water as an aid in impelling the vessel forward. It states only that the hull should be provided with such channels (p. 1, lines 61–84), and that their angularity or degree of curvature may vary, depending upon the draft, width, and speed of the ship (p. 1, lines 84–93, p. 2, lines 7–32, inclusive). No formula is stated by which such angularity may be determined nor is any specific example suggested for any given ship. As was said by the court in Stewart v. American Lava Company, 215 U.S. 161, 30 S.Ct. 46, 49, 54 L.Ed. 139, "The public are told little more than to try experiments until they find a burner that works." See, also, the same case reported in American Lava Co. v. Steward, 6 Cir., 155 F. 731, 736, in which the point now under consideration is discussed at length.

The specification of the patent in suit states no law, rule, or example by which a determination may be made as to how the water channel surface for utilizing the water impact or pressure to drive the ship may be constructed on the patentee's theory that such impact or pressure is a driving force. Neither does the patent contain any specific description or detailed directions upon which a skilled naval architect would be able to construct, from the disclosure of the patent, a ship containing the channels intended by the patentee. The patent specifications refer merely to such surface without giving any specification or instruction as to their proper relation and location. It would be necessary for anyone constructing a ship hull with channels to carry on a series of experiments without aid from the patent to determine what type and size channels would be required for any specific ship. In General Electric Company v. Wabash Appliance Corporation, 304 U.S. 364, 369, 58 S.Ct. 899, 901, 82 L.Ed. 1402, the court said: "Patents, whether basic or for improvements, must comply accurately and precisely with the statutory requirements as to claims of invention or discovery. The limits of the patent must be known for the protection of the patentee, the encouragement of the inventive genius of others, and the assurance that the subject of the patent will be dedicated ultimately to the public. The statute seeks to guard against unreasonable advantages to the patentee and disadvantages to others arising from uncertainty as to their rights. The inventor must 'inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not.' "

We are of opinion that the patent in suit does not fulfill the requirements of the patent statute and is, therefore, void. Isham v. United States, 76 Ct.Cl. 1.

■ In view of the facts clearly established by the evidence and set forth in findings 13 and 14 with reference to the hull construction of the alleged infringing ships, plaintiff contends (1) that the channels covered by the specification and claims of the patent in suit need not start exactly at the midship line, "but anywhere within the midship section," which it insists, is approximately the central one-third section of the vessel; (2) that the channels need not be depressed concave portions formed wholly within the normal body lines of the ship, but the channels may begin as flattened portions; and (3) that a raised portion, such as a knuckle protruding from the side of the vessel, is also included in the patent as a channel. In other words, it is the position of the plaintiff that the channel covered by the patent may be in part a flattened portion of the hull and in part the convex frame members of the aft portion of the hull. We are clearly of opinion that these contentions cannot be sustained. The alleged invention is specifically set forth in the specification as comprising an upwardly and inwardly extending concave water channel formed on each side of the aft portion of the hull beginning at the midship section adjacent the bilge and extending to the stern (Finding 5). A channel within the meaning of the patent must have a concavity. The form and construction of the channels of the patent are definitely shown therein to have distinct upper and lower surfaces, as shown in the patent drawings. These channels cannot exist without these or similar concave surfaces, neither can the channel begin as a flat surface. It must start at the commencement of the concave surface or at the commencement of the upper and

470

lower surfaces. The flat or convex surface of the bottom of a ship immediately forward of the channel cannot be a part of the channel. The patentee defines the meaning of the words "water channel," as used in the patent, as being the trough or channel which is formed by reason of the different angles or "slants" of the upper and lower surfaces. The convex frame members of the aft portion of the hull of the alleged infringing ships are just the reverse of this. Therefore, such convex frame members, together with the flattened outer surface of the hull, clearly do not form a concave channel. Moreover, the construction of the patent, for which plaintiff here contends, would simply add to the indefiniteness of the specification in the disclosure of any rule or direction which would enable one skilled in the art to practice the alleged invention.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.

WILLIAMS, Judge, took no part in this decision.