**BARKEIJ**

v.

**LOCKHEED AIRCRAFT CORP.**

No. 11484.

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1954.

Rehearing Denied March 12, 1954.
Further Rehearing Denied
March 27, 1954.

Alan Franklin, Los Angeles, Cal., **for** appellant.

C. Blake Townsend, S. Mortimer Ward, Jr., New York City, Herbert A. Huebner, Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This action is now before this court upon an appeal by the plaintiff below from the first final judgment herein, entered April 23, 1946, dismissing the complaint with prejudice at the conclusion of plaintiff's case. The action is for alleged infringement of two patents held by Barkeij, numbers 2,145,577 and 2,191,746. This judgment was accompanied by and based upon findings of fact and conclusions of law. ˙ The district court found that, on the admissions of plaintiff's witnesses, the accused engine models do not infringe either of the two patents; and that both patents in suit are invalid for uncertainty and indefiniteness in failing to comply with the requirements of what was then § 4888, R.S.[1]

---

1. 35 U.S.C. former § 33, now 35 U.S.C.A. §§ 111, 112.

Barkeij appealed from the above described judgment. Three remands were made by this court to the district court, each on accounts of disclaimers filed by Barkeij subsequent to the original judgment. On each of these remands the district court made additional findings of fact and conclusions of law and entered further judgments, or orders entered as judgments, not appealed from. All of these additional findings and conclusions reiterated and reaffirmed the invalidity of both patents.

Barkeij thereafter moved in this court "to vacate and dismiss proceedings, etc. concerning disclaimers, etc. filed herein after trial and to proceed with appeal of this case as originally filed." This motion was denied by an order of this court dated December 9, 1952. Accordingly, the case is now before the court on a full record embracing not only the proceedings up to the date of the original judgment of dismissal but also all subsequent proceedings pursuant to the three orders of remand made by this court.[2]

■■ Barkeij first contends that the district court erred in dismissing the complaint with prejudice and ruling the patents invalid without first having heard defendant's witnesses. This contention is without merit, it is the duty of the court to dismiss a patent infringement suit whenever it affirmatively appears that the patent is invalid. Slawson v. Grand Street, etc. R. R. Co., 107 U.S. 649, 2 S.Ct. 663, 27 L.Ed. 576; Turner v. Goldstein, 10 Cir., 154 F.2d 338.

■ In its judgment of April 23, 1946, the district court held that the written descriptions in the patents were not " * * * in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most clearly connected, to make, construct, compound, and use the same * * *."[3] Any attack which Barkeij might make upon this holding has been foreclosed by admissions of his counsel. In argument upon Barkeij's motion to set aside the judgment after the first remand, counsel stated: "These disclaimers have eliminated matters which did make these patents indefinite, I concede that." Counsel also made statements regarding specific portions of the patents which he admitted were indefinite prior to the disclaimers. Hence, the sole question presented to us is whether the three disclaimers Barkeij filed concerning each patent removed this uncertainty and indefiniteness.

The patents, as amended by the disclaimers, contained phrases such as "relatively small volume", "substantially diametrically opposite", "communicating substantially unrestrictedly", "substantially closer than", etc. In view of Barkeij's expert witness' testimony that in constructing internal combustion engines "a very little difference will make a great deal of difference in the operation," we do not see how the uncertain and indefinite terms used in the patents can be said to "clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 236, 63 S.Ct. 165, 170, 87 L.Ed. 232; see also General Electric Co. v. Wabash Co., 304 U.S. 364, 369, 373, 58 S.Ct. 899, 82 L.Ed. 1402.

■ We hold that both patents in suit are invalid for vagueness and uncertainty. It is thus unnecessary for us to consider questions of novelty, invention, or infringement.

The judgment of the district court is affirmed.

2. See Sessions v. Romadka, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609; Dunbar v. Myers, 94 U.S. 187, 24 L.Ed. 34; Kalle & Co. v. Multazo Co., Inc., 6 Cir., 110 F.2d 814.

3. R.S. § 4888.