McCULLOCH MOTORS CORPORATION, a corporation, Plaintiff,

v.

OREGON SAW CHAIN CORP., a corporation, Defendant.

No. 919–57.

United States District Court
S. D. California,
Central Division.

Oct. 12, 1964.

Whann & McManigal, Los Angeles, Cal., for plaintiff.

Lyon & Lyon, Los Angeles, Cal., for defendant.

HALL, District Judge.

*Patent No. 2,923,329.*

There are five patents involved in this case, two belonging to the defendant, Oregon Saw Chain Corporation, and three belonging to the plaintiff, McCulloch Motors Corporation.

Defendant Oregon has filed a Motion for partial summary judgment as to McCulloch's patent No. 2,923,329 on the ground of file wrapper estoppel, and on the further ground that the patent is unenforcible because of misrepresentation to the Patent Office during the prosecution of the patent.

■ A motion for summary judgment is proper where there is no genuine issue of a material fact as to the question of infringement due to file wrapper estoppel. [F.R.Civ.P. 56(b); Moon v. Cabot Shops (9 Cir. 1959) 270 F.2d 539; Engelhard Industries v. Research Instrumental (S.D.Calif.1963) 196 F.Supp. 138, Aff. 9 Cir., 324 F.2d 347, Cert. den. 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215; Oregon Saw Chain Corp. v. McCulloch Motors Corp. (9 Cir. 1963) 323 F.2d 758].

The application for the patent was filed May 19, 1955, and was finally granted February 2, 1960. There were several amendments and rejections by the Patent Office which are unnecessary to review here.

It is asserted that Defendant Oregon's 35 Bolo saw chain and its 58 Bolo saw chain infringe Claims 10, 11, 13 and 14 of Patent No. 2,923,329.

Each of these claims was finally rejected by the Patent Office, but they were thereafter amended so as to add at the end of the claim, the following language: "Said depth gage *extends outwardly* with a portion disposed on one side of the link center of the saw chain to engage a portion of the kerf bottom on one side of the plane in each instance." (Emphasis supplied). With the addition of the foregoing language and the representation to the Patent Office that thus the gage would ride on the "relatively smooth side of the kerf," the claims were allowed.

Under the doctrine of file wrapper estoppel, the applicant abandons all that is embraced in the difference between the application as it stood before the amendment and the application as it stands after the amendment. Thus unless the depth gage of Oregon's 35 Bolo and 58 Bolo extend *outwardly* from the plane of the sawing chain, there is no infringement.

An examination of the alleged infringing chains does not show any portion of the depth gages on the alleged infringing chains Bolo 35 and Bolo 58 to extend *outwardly* in the slightest in the plane of the saw chain. No expert testimony is needed to explain or demonstrate what is so plainly visible to anyone, and concerning which there is no genuine issue of fact.

Counsel for plaintiff, in his response to defendant's Motion for summary judgment on Patent No. 2,923,329, concedes that the "depth gage is straight as to Oregon's chain and as to McCulloch's chain." If it is straight, it cannot extend outwardly.

The word "outwardly" obviously was not used accidentally, as the patentee, in Column 3, line 30 of the Patent, in describing the cutter link of the patent, referred to "a shank 14 which extends from the lower edge of the side link 12a *downwardly* and *outwardly* away from the central plane a—a of the chain."

Figure 3, Figure 4, Figure 5 and Figure 6 of the Patent all show either the cutter or the gage to extend *outwardly* from the plane of the saw chain.

Similar language "downwardly and outwardly" is used in describing the gage 30 and shank 33 in Figure 4 (Column 4, lines 27–28); and in Figure 6 (Column 5, lines 31–33) similar language is used.

■ Plaintiff cannot now extend the coverage of his patent to that which he specifically restricted in order to obtain the patent. [Oregon Chain Saw Corp. v. McCulloch Motor Corp. (9 Cir. 1963) 323 F.2d 758, and cases therein cited].

The second ground of defendant's Motion for partial summary judgment is that the plaintiff is guilty of unclean hands because a representation made by one of counsel for plaintiff to the Patent Office is said to be false.

The statement was that the chain structure "has met with substantial commercial success and has been broadly adopted as a new design by others in the saw chain manufacturing industry." The portion of that statement which defendant attacks is that the chain "has met with substantial commercial success." In the Interrogatories of Defendant Oregon to Plaintiff McCulloch, plaintiff states: "The chain was never sold commercially," as hereinafter set forth:

*Interrogatories Re: Patent No. 2,923,-329:*

"Interrogatory XVIII: Does plaintiff McCulloch Motors Corporation now manufacture or offer for sale a 'tooth-sawing chain' which incorporates the alleged invention of the Patent 2,923,329.

"Answer to Interrogatory XVIII—No.

"Interrogatory XX: If your answer to Interrogatory XVIII is in the negative, state when plaintiff discontinued manufacturing and selling the tooth sawing chain which it is alleged incorporated the purported invention of Letters Patent No. 2,923,329.

"Answer to Interrogatory XX: It was never sold commercially."

McCulloch argues that there is no showing that the Patent Office or the Examiner depended upon such statement for the allowance of the patent. But Oregon urges that commercial success is one of the grounds used in arguing patentability and invention in cases where such is in doubt. [Jungersen v. Ostby & Barton Co. (1949) 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235; Photochart v. Photo Patrol, Inc. (9 Cir. 1951) 189 F.2d 625; Farr Co. v. American Air Filter Co. (9 Cir. 1963) 318 F.2d 500].

Here, quite evidently, the patentability was in doubt because the claims had been finally rejected by the Examiner.

While it would be logical to assume that the representation of commercial success was, in part, relied on by the Patent Office in issuing the patent, nevertheless in view of the Opinion of the Ninth Circuit in Republic v. B. W. Photo Utilities (1963) 319 F.2d 347, I do not believe the Court is justified in granting summary judgment on that ground. This is particularly so because Oregon is entitled to summary judgment on the ground of file wrapper estoppel.

■ It will be unnecessary to make findings of fact and conclusions of law as there is no genuine issue as to the terms of the patent and the fact that Oregon's gage is not "outwardly extending."

The Court is signing the Judgment.

### Patent No. 2,913,023.

The defendant, Oregon Saw Chain Corporation, has filed a Motion for summary judgment on the ground that Patent No. 2,913,023 is invalid and void as not being in compliance with 35 U.S.C. § 112 in the description of the invention and the manner and process of making and using it so that any person skilled in the art to which it pertains may make and use it, and that the claims do not particularly point out and distinctly claim the subject matter which applicant regards as his invention.

The patent has to do with links in chain saws for sawing wood. It has five claims. The novelty is said by the plaintiff to lie in the fact that each claim calls for "long side links and short center links alternately connected."

Nothing is said in the patent as to how long the "long" links shall be, or how "short" the short links shall be, either in inches, tenths, hundredths, or thousandths of inches or in the ratio of "long links" to "short links", or of percentage of difference between them.

There is no genuine issue as to any material fact. In fact, there are no material facts except the fact that the patent was issued, and there is no genuine issue as to that.

F.R.Civ.P. 56 authorizes summary judgment in patent cases. [Oregon Saw Chain Corp. v. McCulloch Motors Corp. (9 Cir. 1963) 323 F.2d 758]. In Barkeij v. Lockheed Aircraft Corp. (1954) 210 F.2d 1, at page 2, the Ninth Circuit said: " * * * it is the duty of the court to dismiss a patent infringement suit whenever it affirmatively appears that the patent is invalid." (Citing cases). If it affirmatively appears on a motion for summary judgment that the patent is invalid, the duty to dismiss is as compelling as it would be after hearing evidence. While the Barkeij case was dismissed at the conclusion of plaintiff's case on trial, nevertheless, as pointed out in Allen v. Radio Corporation of America (D.C.Dela.1942) 47 F.Supp. 244, there is no reason why a patent case should not be decided on a summary judgment when it appears that there is no genuine issue as to any material fact.

The leading case on the subject of inadequate disclosure and description is General Electric Co. v. Wabash Appliance Co. (1938) 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. In that case, the Supreme Court held the patent invalid. There had been a trial, but the court held that it was not necessary to have had the trial, saying: "We need not inquire whether Pacz (the patentee) exhibited invention, or whether his product was anticipated. *The claim is invalid on its face. It fails to make a disclosure sufficiently definite to satisfy the requirements of*" what is now 35 U.S.C. §§ 111 and 112. [Italics supplied].

The defendant has filed an affidavit of an expert. This affidavit amounts to little more than an argument and conclusions, which the Court will disregard. [Engelhard Industries v. Research Instrumental Corp. (9 Cir. 1963) 324 F.2d 347].

Counsel for McCulloch argues that the Court should hear evidence as to what someone skilled in the art would do with the patent. But if the Court were required to hear testimony of someone skilled in the art as to what was meant by "long" and "short," then no patent case could be decided on a question of law, and clearly, the prevailing current authority is to the effect that invention and patentability are matters of law to be determined by the Court. [Pressteel Co. et al. v. Halo Lighting Products Inc. et al. (9 Cir. 1963) 314 F.2d 695, and cases there cited].

The claims use "indeterminate adjectives," such as was condemned in General Electric Co. v. Wabash Appliance Co., supra, where the claim used the indeterminate adjectives "comparatively large" grains. For other cases to the same effect, see: Farmers Cooperative v. Turnbow (9 Cir. 1940) 111 F.2d 728, Cert. den. 311 U.S. 681, 61 S.Ct. 52, 85 L.Ed. 439; Parker Appliance v. Irvin W. Masters, Inc. et al. (D.C.S.D.Calif.1950) 94 F.Supp. 72, Aff. 9 Cir., 193 F.2d 180; United Carbon Co. v. Binney & Smith Co. (1942) 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232; Barkeij v. Lockheed Aircraft Corp. (9 Cir. 1954) 210 F.2d 1; Hamacek Marine Corp. v. United States (1939) 26 F.Supp. 467, 88 Ct.Cl. 369, Cert. den. 308 U.S. 619, 60 S.Ct. 291, 84 L.Ed. 517; United Drug Co. v. Ireland Candy Co. (8 Cir. 1931) 51 F.2d 226; Marshall v. Proctor & Gamble (D.C.Md. 1962) 210 F.Supp. 619; B. B. Chemical Co. v. Cataract Chem. Co. (2 Cir. 1941) 122 F.2d 526; Pennsylvania Crusher Co. v. Bethlehem Steel Co. (3 Cir. 1951) 193 F.2d 445; Reed Propeller v. United States (1942) 42 F.Supp. 545, 95 Ct.Cl. 262.

In the latter case, the Court put its finger upon one of the prime necessities for a strict compliance with the provisions of 35 U.S.C. § 112 by stating that: "To predicate a disclosure to those skilled in the art * * *," anyone "is entitled under the patent statutes to such a sufficiently clear disclosure by the specification as will enable him to know what propellers might be safely used or manufactured without practicing the Reed invention or discovery and which might not, and to arrive at this knowledge without the necessity of experimentation."

It should be observed that some confusion is created in the patent. Each of

the claims use the language *"long side* links and *short center* links alternately connected." But in the specification and in one of the drawings, the description is made of a chain which has *"long center* links and *short side* links."

■ The patent is clearly void on its face for non-compliance with 35 U.S.C. § 112, and the Court will concurrently herewith sign a judgment to that effect. No findings of fact other than contained herein are necessary.

### Patent No. 2,924,110.

The defendant, Oregon Saw Chain Corporation, has filed a Motion for summary judgment as to McCulloch's Patent No. 2,924,110 on the ground that said patent is invalid and void in that the claims of the patent were anticipated by the prior art, specifically Dunnington Patent No. 2,642,102, issued June 16, 1953, which was not considered by the Patent Office as a reference in the Gudmundsen Patent No. 2,924,110, the application for which was filed August 20, 1956, and issued February 9, 1960; and on the further ground that the claims of that patent are invalid and void as a matter of law for the reason that they do not meet the constitutional standard of invention.

Motion for summary judgment under F.R.Civ.P. 56 is proper in a patent case. [See Memoranda filed this day re: Patent 2,913,023 and Patent 2,923,329].

■ It is the current view that invention and patentability are matters of law to be determined by the Court. As stated in Rohr Aircraft Corp. v. Rubber Teck, Inc. (9 Cir. 1959) 266 F.2d 613, the question is whether or not the thing claimed as invention "is such a significant advance over prior art as to raise it to the standard of invention. Since Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp. (1950) 340 U.S. 147, [71 S.Ct. 127, 95 L.Ed. 162], there is no longer any doubt that such a question is one of law. See also: Himes v. Chadwick (9 Cir. 1952) 199 F.2d 100; Kwikset Locks v. Hillgren (9 Cir. 1954) 210 F.2d 483; Bergman v. Aluminum Lock Shingle Corp. etc. (9 Cir. 1957) 251 F.2d 801; and Oregon Saw Chain Corp. v. McCulloch Motors Corp. (9 Cir. 1963) 323 F.2d 758."

The material facts concerning which there are no genuine issues are the date of the issuance of the Gudmundsen patent, date of issuance of the Dunnington patent, the terms of each of those patents, and the fact that the Dunnington patent was not given as a reference of prior art in the Gudmundsen patent.

■ Even one prior art reference which has not been considered by the Patent Office may overthrow the presumption of the validity. [Jacuzzi Bros. Inc. v. Berkeley Pump Co. (9 Cir. 1951) 191 F.2d 632; Jaybee Mfg. Co. v. Ajax Hdw. Mfg. Corp. (9 Cir. 1961) 287 F.2d 228; Pressteel Co. v. Halo Lighting Corp. (9 Cir. 1963) 314 F.2d 695; Dresser Industries Inc. v. Smith-Blair, Inc. (9 Cir. 1963) 322 F.2d 878].

■ That being so, it follows that if the prior art is directed to the same problem and solves it in substantially the same way, the Court may, as a matter of law, hold subsequent patents invalid.

The Gudmundsen Patent No. 2,924,110 was directed toward a solution to the "previously unexplained rupture of the side links along transverse lines extending substantially centrally through the pintle openings." While the objects of the invention are stated in varying terms, it may be said that its principal object was to so design the links that the overheating from friction, which caused the rupture of the side links, would be to one side or the other of the pintle openings.

Both the Gudmundsen patent and the Dunnington patent describe this problem. Both recognize that a solid steel bar, such as a link in a chain saw, will create heat by friction, and both recognize and find a solution to the "tendency to crack at the pitch holes" by making the link of such a chain so that it will not be straight along the edges, but will have interruptions or notches, loops, or holes

in the edges, or elsewhere in the link to permit dissipation of the heat caused from the friction. Both recognize a commonly known proposition that heating in a steel bar, such as a link in a chain, which is generated by friction, can be dissipated by narrowing the body of the bar or by providing an opening.

It would extend this Memorandum unnecessarily to make the parallels between the Gudmundsen claims and specifications and set them alongside those of Dunnington. Suffice it to say that the invention is a simple one, not requiring the exposition of any ideas or testimony by experts, and by simply reading the two patents, it becomes obvious that the very point of invention involved in the Gudmundsen patent was met and solved by the Dunnington patent embodying the same principles as Gudmundsen.

The patent, therefore, was anticipated by the Dunnington patent, and is void under the terms and provisions of 35 U.S.C. § 102.

Moreover, an examination of the links in the Cox patent, No. 2,508,784, and in the Merz patent, No. 2,589,015, shows links which narrowed between the pintle openings. It is significant that the Gudmundsen patent issued February 10, 1959 (No. 2,872,956) did not show such narrowing between pintle openings.

Claim 3 of the Gudmundsen patent is the only one which is not literally anticipated by the Dunnington patent, but it fails to met the standard of invention required by 35 U.S.C. § 103 in that it gives no measurement for the words "inclined upwardly," nor any statement in the patent by which one attempting to make an object following the Gudmundsen invention could know whether or not he was constructing an object which would constitute infringement of the patent. [See cases cited in Memorandum re: Patent No. 2,913,023].

It is unnecessary to file findings of fact and conclusions of law, and the Court will this day sign the Judgment of Dismissal.