**INTERNET PATENTS CORPO-RATION, f/k/a Insweb Corporation, Plaintiff,**

v.

**The GENERAL AUTOMOBILE INSURANCE SERVICES, INC. d/b/a The General, Permanent General Assurance Corporation, and Permanent General Assurance Corporation of Ohio, Defendants.**

**No. C 12–05036 JSW**

United States District Court,
N.D. California.

Signed September 24, 2013

---

6. The Court also notes that the four-year statute of limitations in 28 U.S.C. § 1658 may apply.

L. Eric Loewe, Internet Patents Corporation, Folsom, CA, Joseph A. Greco, Justin T. Beck, Kimberly Paul Zapata, Beck, Bismonte & Finley, LLP, San Jose, CA, Brian Lawrence King, Michael Pierre Adams, Winstead PC, Austin, TX, for Plaintiff.

John F. Triggs, Ryan D. Levy, Waddey and Patterson PC, Nashville, TN, John Dennis O'Connor, O'Connor and Associates, San Francisco, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

JEFFREY S. WHITE, UNITED STATES DISTRICT JUDGE

Now before the Court is the motion to dismiss filed by Defendants, The General Automobile Insurance Services, Inc., d/b/a The General, Permanent General Assurance Corporation, and Permanent General Assurance Corporation of Ohio (collectively, "Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L–R 7–1(b). Therefore, the hearing date of October 4, 2013 is HEREBY VACATED. The Court GRANTS the Defendants' motion to dismiss with prejudice.

### BACKGROUND

Defendants move to dismiss this suit on the basis that the Plaintiff's patent infringement claims must fail as a matter of law because the asserted patent, United States Patent No. 7,707,505 ("the '505 Patent") entitled "Dynamic Tabs for a Graphical User Interface," is invalid under 35

U.S.C. § 101 for lack of patent-eligible subject matter.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Applicable Legal Standards.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir.1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556–57, 127 S.Ct. 1955) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955. If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246–47 (9th Cir.1990).

■ To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. The requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed.Cir. 2000).

### B. Patent Eligibility.

#### 1. Principles of Patent Eligibility and Abstractness.

■ Under 35 U.S.C. § 101, the scope of patentable subject matter includes "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." Notwithstanding the broad scope of Section 101, there are three important and judicially-created exceptions to patentability. "Laws of nature, natural phenomena and

abstract ideas are not patentable." *Bilski v. Kappos*, 561 U.S. 593, 130 S.Ct. 3218, 177 L.Ed.2d 792 (2010); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, —— U.S. ——, 132 S.Ct. 1289, 182 L.Ed.2d 321 (2012). These principles are not patent-eligible because "they are the basic tools of scientific and technological work," which are "free to all men and reserved exclusively to none." *Mayo*, 132 S.Ct. at 1293 (citations omitted).

■■■ Many courts use the "machine-or-transformation" test to determine whether a patent falls into one of these categorical exceptions. Under this test, a "claimed process is surely patent-eligible under § 101 if: (1) it is tied to a particular machine or apparatus; or (2) it transforms a particular article into a different state or thing." *Bilski*, 130 S.Ct. at 3224 (citations omitted). Although the test is not dispositive, is it still an "important and useful clue." *Id.* at 3226.

■■■ Beyond the machine-or-transformation test, a reviewing court is obligated to "hew closely to established precedents in this area to determine whether an invention falls within one of the exceptions to § 101's broad eligibility." *OIP Technologies, Inc. v. Amazon.com, Inc.*, 2012 WL 3985118, at *5 (N.D.Cal. Sept. 11, 2012) (citing *Bilski*, 130 S.Ct. at 3231). "Whether a claim recites patent-eligible subject matter is a question of law." *See id.* (citing *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed.Cir.2012); *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1369 (Fed.Cir.2011)).

■■■ The Federal Circuit has cautioned that "the 'disqualifying characteristic' of abstractness must exhibit itself 'manifestly' 'to override the broad statutory categories of patent eligible subject matter.'" *CLS Bank Int'l v. Alice Corp.*, 685 F.3d 1341, 1349 (Fed.Cir.2012) (internal citations omitted). Section 101 "does not permit a court to reject subject matter categorically because it finds that a claim is not worthy of a patent." *Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 868 (Fed.Cir.2010). The reason for the exceptions to eligibility rest on the presumption undergirding the patent system, which "represents a carefully crafted bargain that encourages both the creation and the public disclosures of new and useful advances in technology, in return for an exclusive monopoly for a limited period of time." *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1324 (Fed.Cir.2012) (quoting *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 63, 119 S.Ct. 304, 142 L.Ed.2d 261 (1998)). "A patentee does not uphold his end of this 'bargain' if he seeks broad monopoly rights over a basic concept, fundamental principle, or natural law without a concomitant contribution to the existing body of scientific and technological knowledge." *Id.*

## 2. Procedural Posture and Question of Prematurity.

■■■ First, Plaintiff contends that Defendants' motion to dismiss is premature because the Court has not yet construed any of the claims in the disputed patent. However, Plaintiff fails to explain how a claims construction would fundamentally alter the analysis of subject matter patentability. Further, there are many courts that have considered Section 101 eligibility at the motion to dismiss stage, prior to conducting a claims construction. *See, e.g., OIP Technologies*, 2012 WL 3985118, at *5 (citing other cases). Where, as here, the basic character of the claimed subject matter is readily ascertainable from the face of the patent, the Court finds that it may determine patentability at the motion to dismiss stage. *See, e.g., Cardpool, Inc. v. Plastic Jungle, Inc.*, 2013 WL 245026, at *4 (N.D.Cal. Jan. 22, 2013). Accordingly,

the Court finds the question of patentability appropriate at this procedural posture.[1]

### 3. Application of Section 101 to '505 Patent.

 The '505 Patent claims the exclusive right to allow the use of a conventional web browser Back and Forward navigational functionalities without data loss in an online application consisting of dynamically generated web pages. (Patent at Abstract.) The '505 Patent also discloses an intelligent user interface for "re-entrant editing; error trapping, flagging, and correction" although these applications are not specifically claimed. (*Id.*) The Patent identifies the problem of a user having to re-enter all or part of the information required by an online application, in this case for applications to receive insurance. To differentiate itself from the prior art, the Patent allegedly expands on the conventional aspects of the then-current multi-page online application forms by "maintain[ing] virtual applications information, relative dependencies, and information context obtained and/or derived from each pane by the user/applicant." ('505 Patent at 9:60–63.) On its face, the '505 Patent purports to propose a solution to a well-known problem regarding user navigation in online multi-page application forms. However, the Patent does not actually disclose or recite an example of the solution to this problem. The mere abstract idea that an invention could address the challenges of retaining information lost in the navigation of online forms fails to satisfy the requirements of patentability and renders the Patent is ineligible under § 101. The Court finds that by setting out the abstract idea of a known technological challenge without setting out any specific

disclosures, the Patent "added no elements or combination of elements, sometimes referred to as the inventive concept, sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the natural law [or the abstract idea]." *Mayo,* 132 S.Ct. at 1294.

### 4. Machine–or–Transformation Test.

 In response to the argument that the Patent merely recites the challenge, but fails to propose a discrete and new technological solution, Plaintiff contends that its claims are patent-eligible under the machine-or-transformation test based on the position that each claim and the desired result require computer implementation. However, the "mere implementation on a computer of an otherwise ineligible abstract idea will not render the asserted 'invention' patent eligible." *CLS Bank,* 685 F.3d at 1351 (citing *Fort Properties, Inc. v. American Master Lease LLC,* 671 F.3d 1317, 1322 (Fed.Cir.2012) ("[A]n abstract concept cannot be transformed into patentable subject matter merely because of connections to the physical world."); *see also Dealertrack,* 674 F.3d at 1333 ("Simply adding a 'computer aided' limitation to a claim covering an abstract concept, without more, is insufficient to render the claim patent eligible.").

Here, although the platform of the invention is computer-based as the technology relates to online applications systems, Plaintiff has failed to show how the desired result of the patent is coupled with or integrated into a specific process. The addition of a computer limitation does not transform the abstract idea into a patentable invention.

---

**1.** In addition, the Court finds Plaintiff's argument that the Court should wait until resolution of the *en banc* appeal in *CLS Bank* unavailing as the current state of the law provides that Defendants' motion to dismiss is not premature. (*See* Opp. Br. at 7–10, citing *CLS Bank Int'l v. Alice Corp.,* 685 F.3d 1341 (Fed. Cir.2012).)

Accordingly, Plaintiff's claims fail as a matter of law because the asserted patent is invalid under 35 U.S.C. § 101 for lack of patent-eligible subject matter.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with prejudice. A separate judgment shall issue and the Clerk shall close the file. In addition, because the patent upon which the related cases are dependent has been declared invalid, the Court shall issue orders to show cause in those matters regarding dismissal for invalidity (cases nos. 12–5035 JSW, 12–6505 JSW, and 12–6506 JSW). *See Barkeij v. Lockheed Aircraft Corp.*, 210 F.2d 1, 2 (9th Cir.1954) (citations omitted) (holding that "it is the duty of the court to dismiss a patent infringement suit whenever it affirmatively appears that the patent is invalid.").

**IT IS SO ORDERED.**