MAYTAG COMPANY *v.* HURLEY MACHINE CO. ET. AL.[*]

No. 76.   Argued April 19, 20, 1939.—Decided May 22, 1939.

---

[*] Together with No. 77, *Maytag Co.* v. *Easy Washing Machine Co.,* also on writ of certiorari to the Circuit Court of Appeals for the Second Circuit; and No. 661, *General Electric Supply Corp.* v. *Maytag Co.,* on writ of certiorari to the Circuit Court of Appeals for the Eighth Circuit.

*Mr. Wallace R. Lane,* with whom *Messrs. Thomas G. Haight, Nelson E. Johnson,* and *Oscar W. Jeffery* were on the brief, for the Maytag Company.

*Mr. William H. Davis,* with whom *Messrs. Dean S. Edmonds* and *George E. Faithfull* were on the brief, for respondents in Nos. 76 and 77, and petitioner in No. 661.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

These are patent infringement suits in which certiorari was granted because of a conflict of decision.[1] Apparatus claims 23, 26, and 29 of the Snyder patent, No. 1,866,779, which are here involved, have been held invalid in the Second Circuit by reason of anticipation; and have been adjudged valid in the Eighth Circuit. We need not resolve the conflict, since we are of opinion the patent is void for failure to disclaim claim 39.

The patent, issued July 12, 1932, to the Maytag Company as assignee, contains thirty-nine claims, thirty-six of which are for a washing machine and three (Nos. 1, 38 and 39) for a method of washing fabrics. In 1935 the company obtained a decree in a suit against the Brooklyn Edison Company for infringement of apparatus claims 23 and 26 and method claim 38.[2] The Circuit Court of Appeals for the Second Circuit reversed as to all three claims, holding they did not disclose novelty.[3] This court refused certiorari and the company promptly disclaimed two of the method claims, 1 and 38, but did not disclaim 39. In the instant cases infringement of apparatus claims 23, 26, and 29, is charged, but claim 39

---

[1] *Maytag Co.* v. *Brooklyn Edison Co.,* 86 F. 2d 625; *Maytag Co.* v. *Easy Washing Mach. Corp.,* 96 F. 2d 87; *General Electric Supply Corp.* v. *Maytag Co.,* 100 F. 2d 218.

[2] 11 F. Supp. 743.

[3] *Maytag Co.* v. *Brooklyn Edison Co., supra.*

is not in suit, nor has it been made the basis of any other suit.

There has been unreasonable neglect or delay in entering a disclaimer of claim 39 within the meaning of R. S. 4917, and R. S. 4922,[4] unless that claim is "definitely distinguishable from the parts claimed without right,"—that is, the disclaimed method claims 1 and 38. This must be so, for the company, by disclaiming those claims, has confessed that the patentee therein claimed "more than that of which he was the original or first inventor or discoverer" and that the company, as assignee of the patent, therefore, "did not choose to claim or to hold" the method therein disclosed "by virtue of the patent or assignment."

Thus the company elected the course it would pursue with knowledge of the options open to it. Claim 38, which had been adjudged invalid, need not have been disclaimed, but, alone or with other claims, might have been made the basis of another suit against a different party,—the petitioner in No. 661, for example.[5] If the claims were held invalid in such later suit the court might find the patent wholly void, for failure seasonably to disclaim.[6] To avoid the risk of such a possible outcome, the company chose the other alternative of disclaiming 38, and relying on other claims.[7] In the *Brooklyn Edison* case the district court said concerning claim 1, "The quoted verbiage is different from that of Claim 38, but the same method or process is thought to be equally embodied in both."[8] This expression presumably caused the company also to disclaim claim 1 as not "definitely distinguishable" from claim 38.

---

[4] 35 U. S. C. §§ 65 and 71.

[5] *Triplett* v. *Lowell*, 297 U. S. 638, 642.

[6] *Ibid.* 645.

[7] Compare *Ensten* v. *Simon, Ascher & Co.*, 282 U. S. 445.

[8] 11 F. Supp. 758.

If claim 39 describes the same method as claim 38, it follows that failure either to sue on 39 or to disclaim it along with 38 invalidates the patent.

The two are copied in the margin.[9] We think they describe but a single method. The company insists that the crucial difference lies in the fact that in 38 the moving fluid in the tub is said substantially to suspend the fabrics, whereas in 39 the same agency is said to cause the fabrics to be freely moved about. But the difference ·

---

[9] The difference in verbiage relied on to distinguish the claims is italicized.

"38. The method of washing fabrics by forcing cleansing liquid through and around them while substantially suspended by the action of the fluid, as distinguished from pulling fabrics through the fluid against scrubbing corrugations, or otherwise scrubbing them by mechanical means, comprising immersing the fabrics in a washing fluid in a container, then vigorously and rapidly impelling the washing fluid in one and then in an opposite outward circulatory direction away from the plane of ·the source of impulsion and through the fabrics and circumferentially along the interior of the container in rapid succession, and causing these violently opposed currents of fluid to meet and flow inwardly and toward *the central portion of the container,* and toward the source of *impulsion thereby substantially suspending the fabrics in the fluid and cleansing them while thus suspended.*"

"39. The method of washing fabrics by forcing cleansing fluid through them while substantially suspended by the action of the fluid, as distinguished from pulling fabrics through· the fluid against scrubbing corrugations, or otherwise scrubbing them by mechanical means, comprising immersing the fabrics in a washing fluid in a container, then vigorously agitating the washing fluid and rapidly forcing it toward the fabrics and away from the plane of the source of agitation vertically along the interior surface of the container first in one and then in an opposite circumferential direction, back and forth through and around the fabrics, and causing the violently moving opposed currents of liquid to meet and flow *inwardly and vertically toward the source* of agitation whereby *the fabrics are caused to be freely moved about by the action of the fluid and cleansed while thus moved.*"

in verbiage describes no difference in operation or result. We conclude that, when read in their entirety, they describe the same method.

The decrees in Nos. 76 and 77 are affirmed; that in No. 661 is reversed.

*Nos. 76 and 77, affirmed.*
*No. 661, reversed.*

