**KALLE & CO. et al. v. MULTAZO CO., Inc.**

No. 7996.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1940.

For former opinion, see 109 F.2d 321, affirming 31 F.Supp. 109.

Arthur C. Denison, of Cleveland, Ohio, and Arthur W. Dickey, of Detroit, Mich., (Harness, Dickey & Pierce, of Detroit, Mich., and Werner H. Hutz and Leslie G. Noller, both of New York City, on the brief), for appellants.

Ralph Chappell, of Kalamazoo, Mich. (Ralph L. Chappell and Earl & Chappell, all of Kalamazoo, Mich., on the brief), for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit judges.

SIMONS, Circuit Judge.

On appeal from a decree holding patent to Schmidt and Krieger, No. 1,628,279, and patent to Krieger and Zahn, No. 1,803,906, each in the diazo-type copy paper art, invalid, we affirmed, Kalle & Company et al. v. Multazo Co., Inc., 109 F.2d 321. Invalidity of the "16" patent was based on the ground that the claims thereof described a classification of compounds of which some are useful for the successful practice of the invention, and others are not; that the claims therefore include a field to which the inventors have no valid title. Since the claims as written were broad enough to include compounds not having anhydride or quinonoid structure we held them invalid for lack of complete disclosure required by R.S. § 4888, 35 U.S.C.A. § 33.

Promptly upon the announcement of our decision in consideration of the fact that the appellant is a German corporation, a disclaimer was filed in the patent office limiting the claims by excluding from their scope "diazo compounds being formed from amino compounds containing at least one other amino group, which compounds may not be regarded as diazo anhydrides, in a broad sense, and which compounds may not be presumed to have been produced from diazonium compounds with elimination of water."

Having so limited their claims to meet the conclusion announced by us that there was insufficient disclosure, the appellants pray for a rehearing on the "16" patent, and for other reasons pray also a rehearing upon the "18" patent. The successful appellees oppose the granting of the petition with a challenge to the validity of the disclaimer on the ground: (1), that there was no inadvertence, accident or mistake in the framing or acceptance of the original claims as required by 35 U.S.C.A. §§ 65, 71; (2), that there was unreasonable neglect and delay in entering the disclaimer; (3), that the disclaimer is improper in that it makes the patent cover a new combination; (4), that it can have no effect because both plaintiffs did not join in disclaiming.

We have given careful thought to the several briefs in support of and in opposition to the petition. We are of the view that there was no unreasonable neglect and delay in entering the disclaimer and that the contention to that effect is not supported by the case of Ensten v.

Simon, Ascher & Co., 282 U.S. 445, 51 S. Ct. 207, 75 L.Ed. 453, nor when that case is considered in relation to the rule of Maytag Co. v. Hurley Machine Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264; that the disclaimer does not necessarily import a new combination into the claims, and is not ineffective for failure to be filed on behalf of the Ozalid Corporation, since tender of disclaimer has since been made by the Ozalid Company but has been rejected by the patent office.

▮ There remains the question of inadvertence, accident or mistake. This is a question of fact. Van Meter v. United States, 2 Cir., 47 F.2d 192, 194. It was not in issue before the District Court and the record was there made without either of the parties apprehending that it would become determinative of any issue in the case. It is urged on behalf of appellees, that the file wrapper history of the patent discloses that the inventors abandoned narrow claims and intentionally accepted those that we have now found to be too broad. We do not feel that the issue should be determined upon the present record, and the file wrapper history is in condensed form. Whether, if amplified and explained it would clarify the problem, we are unable to say. No inference in support of the validity of the disclaimer because of patent office action is available to aid the court, as would be the case if we were considering the validity of a re-issue patent. Union Switch & Signal Co. v. Louisville Frog Switch & Signal Co., 6 Cir., 73 F.2d 550; Roos Co. v. McMillan, 6 Cir., 64 F.2d 568, 569.

In this situation we think the question of the validity of the disclaimer because of accident, inadvertence or mistake, and the validity of the "16" patent, as modified by the disclaimer, if valid, should first be determined by the District Court which has not had an opportunity to do so; that the case should be opened and sent back to that court with directions to consider and determine the question upon the evidence heretofore taken, in connection with such further evidence as either or both of the parties may see fit to introduce. N. O. Nelson Mfg. Co. v. F. E. Meyers & Bro. Co., 6 Cir., 29 F.2d 968, 969.

In view of this conclusion our opinion heretofore announced will be amended reversing the decree below, insofar as it held the "16" patent invalid, and remanding the cause for a consideration of the validity of the disclaimer and of all claims in that patent in suit amended by the disclaimer, if valid, without prejudice to the rights of the appellant to again appeal from an adverse decision, or the rights of the appellee to again urge upon us grounds of invalidity, other than in respect to disclosure.

The court perceiving no error in its original decision upon the "18" patent, the petition for rehearing in respect to it is denied.