## ENGLER v. GENERAL ELECTRIC CO.

District Court, S. D. New York.

June 5, 1941.

See, also, D.C., 32 F.Supp. 913.

Ring & Murray, of New York City (Carl E. Ring, of New York City, of counsel), for plaintiff.

Alexander C. Neave, of New York City (Robert B. Whittredge, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is an action for, among other things, patent infringement and interference between patents owned by the parties hereto. The plaintiff has moved for a partial judgment. He seeks a decree invalidating one of the patents in suit, owned by the defendant, upon the ground that said patent is void for the unreasonable failure of defendant to disclaim.

The plaintiff moves on the authority of General Electric Supply Corp. v. Maytag Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264. He asserts that claim 26 of the application for defendant's patent has been held invalid by Court of Customs and Patent Appeals (In re Alexanderson, 21 U.S. P.Q. 164). It is contended claim 25 of said application is identical with said claim 26, except for one word, and that it is manifest from mere inspection that there is no difference of substance between them, but only of verbiage. Plaintiff argues that the rejection of claim 26 created a duty on the defendant to disclaim claim 25, that instead the defendant retained claim 25 and it is now claim 3 of the patent attacked. It is urged that the case is indistinguishable from the Maytag case.

Numerous grounds of opposition have been asserted, but I find it only necessary to base my decision on one. The Maytag case differs from the instant one in that I, unlike the Supreme Court there, cannot say, from a "mere inspection", that there is no difference in substance between the claims.

It may well be upon a trial at which time the court will have the benefit of expert testimony, it may appear that no difference in substance exists. From the record before me, however, I hesitate to make such a pronouncement. It is my opinion that an issue of fact exists and therefore the matter should not be disposed of summarily.

Motion denied.