## CELOTEX CORPORATION v. ARMSTRONG CORK CO.

### No. 1845.

District Court, E. D. Pennsylvania.

Jan. 4, 1944.

Howson & Howson, of Philadelphia, Pa., and Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., for plaintiff.

Wm. Steell Jackson & Son, of Philadelphia, Pa., and Stebbins, Blenko & Webb, of Pittsburgh, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action for infringement of two patents both of which have to do with improvements in the construction of sound-absorbing boards for walls and ceilings. Such boards are commonly made of porous material and are usually an inch thick. The improvement of the first patent (No. 1,554,179) consists in making the boards with perforations or indentations in the surface of the material. The second patent (No. 1,554,180) claims the same type of construction in combination with boards made of fibrous material, as distinguished from boards made of pumice, cement or felted hair.

The motion asks for summary judgment on the grounds that the claims in suit of both patents are invalid. None of the facts upon which the motion is based are in dispute and in such case a motion for summary judgment is properly taken to test the validity of the patents. See Milcor Steel Co. v. Fuller Co., 316 U.S. 143, 62 S.Ct. 969, 86 L.Ed. 1332.

The motion has three divisions, the first of which attacks the validity of the entire '179 patents, the second the validity of claims 3 and 4 of the '179 patent, and the third the validity of the entire '180 patent.

(I) The defendant contends that, in view of a disclaimer to claims 1 and 3 of the '179 patent, filed in 1936, failure to enter a disclaimer as to the remaining claims resulted under the rule of Maytag Co. v. Hurley Machine Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264, in invalidating the entire patent.

The disclaimer was obviously intended to narrow the claims upon which it

operated and not to eliminate them. The reasons which impelled the patentee to file it have been stated by counsel in the course of the argument, but that is outside the record and the only things that can be considered here are the conceded facts that it was not filed pursuant to any adjudication of invalidity of the original claims and that no such adjudication has ever been made.

Assuming without deciding, that the remaining claims, 2 and 4, are not patentably distinguishable from 1 and 3, as to which disclaimer was filed, I do not think that the patent is invalidated by failure to disclaim them.

■ The rationale of the rule of the Maytag case is that a patentee may not attempt to keep a monopoly to which he has no right, by holding claims which, though clothed in different verbiage, are in substance the same as the invalid claim. To do that has been deemed by the courts a species of artifice which they have discountenanced, and if the patentee attempts it the penalty is that he loses his patent. But this reasoning postulates some assurance, or legal certainty, that the patentee has no right to the monopoly granted by the claim. Of course, such assurance follows upon the final decision of a competent tribunal and it is now settled that a patentee who does not choose to relitigate a claim invalidated by court decree must disclaim all other patentably indistinguishable claims. Other than a court decree there is no way in which the assurance of invalidity which lies at the base of the rule can be obtained. There has been some judicial opinion that a voluntary disclaimer is a binding and incontrovertable admission of the claim's invalidity. But this view has been definitely rejected by the Circuit Court of Appeals for the Second Circuit in United Chromium, Inc., v. International Silver Co., 60 F.2d 913 and by the Sixth Circuit in Permutit Co., v. Wadham, 13 F.2d 454. In the Third Circuit, in Wiegand Co. v. Trent Co., 122 F.2d 920, 923, the court by quoting at length, presumably with approval, from an article in the Harvard Law Review, indicated its view that, " 'to conceive of disclaimers as binding admissions seems undesirable, since it will discourage their use; hence, it is to be hoped that the doctrine of the case (Maytag) will not be extended to voluntary disclaimers filed prior to litigation of that phase of the patent.' " No authority has been cited to me and I find none which extends the Maytag rule to a case of so-called voluntary disclaimer.

■ (II) The second division of the motion is based on the fact that, although the specifications of '179 discloses 5/16" diameter holes, claims 3 and 4 call for 5/8" diameter holes. This would plainly appear to be an inadvertence. The claims were introduced into the pending application by an amendment and it is quite apparent that it was intended by the amendment to introduce specific claims covering the dimensions expressly set forth in the specification which called for openings of 5/8 of an inch diameter spaced apart from edge to edge at a distance of 3/8 of an inch. Upon the point thus raised I follow the decision of the Circuit Court of Appeals of the First Circuit in I.T.S. Rubber Co., v. Essex Rubber Co., 1 F.2d 780, and hold that the claim should be read as if the mistake had not been made. I understand from the statements of counsel that claims 3 and 4 are not charged to be infringed, and consequently the defendant argues the invalidity of these claims merely in support of its contention that a disclaimer should have been filed. Again, the invalidity of these claims has never been adjudicated and for that reason I think that, even were they invalid, the rule of the Maytag case would not be applicable to the remainder of the patent.

■ (III) It is contended by the defendant that patent '180 is void because of the failure to disclaim claims 2 and 4 of '179. He argues that in view of the intimate relation between the two patents the claims of both might well have been the subject of a single grant, and upon that basis seeks to apply the Maytag doctrine to '180 as well as '179. Inasmuch as it has already been held that the Maytag doctrine does not invalidate '179, this basis for the defendant's motion fails.

In the course of argument the question was raised whether the disclaimer to claims 1 and 3 leave the invention described in purely functional terms and so invalidates what is left of those two claims. The point was not pressed as a ground for summary judgment and, of course, would not apply to claim 2. Inasmuch as the entire case could not be disposed of by summary judgment and as the point has not been pressed I make no de-

cision now as to the validity of claim 3 as left after the disclaimer, but leave that until the hearing.

The motion for summary judgment is denied.