686 F.2d 780
 216 U.S.P.Q. 585
 ALLEN ARCHERY, INC., Plaintiff-Appellee,
v.
JENNINGS COMPOUND BOW, INC., Sportlab, Inc., Die Cast
Products, Inc., Hugh Rich Archery, Inc., Pony Express Sport
Shop, Inc., Arrow Mfg., Inc., Thomas P. Jennings, John
Williamson, individuals, Timothy Lee Moyer and Jonathan
David Forgy, individuals, d/b/a/ Arrow Archery Supply and
Richard F. Garver, Sr. and Richard F. Garver, Jr.,
individuals, d/b/a/ Shawnee Sports Center, Defendants- Appellants.
JENNINGS COMPOUND BOW, INC., et al., Counter-Plaintiffs-Appellants,
v.
ALLEN ARCHERY, INC., Holless W. Allen, Douglas Allen,
Gregory Allen, Stephen Allen and Eugene Tracy,
individuals, Counter-Defendants-Appellees.
 Nos. 81-5661, 81-5685.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 5, 1982.
Decided Sept. 8, 1982.
 
 Harlan P. Huebner, Huebner & Worrel, Los Angeles, Cal., D. A. N. Chase, Kansas City, Mo., for Allen Archery, Inc.
 Ellsworth R. Roston, Roston & Schwartz, Los Angeles, Cal., for Jennings Compound Bow, Inc.
 Appeal from the United States District Court for the Central District of California.
 Before FLETCHER, PREGERSON, and REINHARDT, Circuit Judges.
 REINHARDT, Circuit Judge.
 
 
 1
 Of the fourteen issues raised in this case by the parties on appeal and cross appeal, only one narrow question of law requires an opinion by this court. In all other respects, except where we have specifically indicated otherwise, we adopt the findings and judgment of the district court, which are reported in Allen Archery, Inc. v. Jennings Compound Bow, Inc., 211 U.S.P.Q. (BNA) 206 (C.D.Cal.1981), substantially for the reasons set forth therein.
 
 
 2
 The defendants in this case contend on appeal that the findings of the district court were adopted mechanically and must therefore be closely scrutinized. We note that the proposed findings were in fact substantially modified by the able and conscientious district judge, and that in any case this court has subjected those findings to painstaking review and found them to be thoughtful, well-reasoned, and in every instance supported by substantial evidence in the trial record.
 
 
 3
 This appeal raises one legal question of first impression in this circuit, namely whether a patentee's failure to file a disclaimer of an invalid patent claim that is not definitely distinguishable from other disclaimed claims, invalidates the entire patent. That was the rule set forth in Maytag Co. v. Hurley Machine Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264 (1939). Application of the Maytag rule would require that the entire patent before us be invalidated. Appellant Jennings argues that the Maytag rule remains in effect and should be applied here. We conclude that the district court was correct in holding that the Maytag rule is no longer in force because the statutes on which it was based were repealed in 1952.
 
 FACTS
 
 4
 The facts of the present case which are relevant to the issue to be decided are set forth below.
 
 
 5
 In 1966, Holless Allen, inventor of the Allen Compound Bow, filed his first patent application for the bow. The patent office initially rejected most of the claims of the Allen patent, including claims 1 through 6 and 11. Those claims were held to be anticipated by an earlier patent, the Barna Bow patent.
 
 
 6
 After his patent claims were rejected, Allen made some tests on a Barna Bow, and found that that bow did not in fact achieve what its patent claims contended it did. Allen then filed an affidavit describing the limitations of the Barna Bow, along with the results of his tests. On the basis of this affidavit the patent office awarded claims 1 through 6 and 11 of the Allen patent. The final form of the Allen patent was issued in 1969.
 
 
 7
 Four years after his patent was issued, Allen learned that the Barna Bow could be modified to achieve some of its patent claims which Allen had believed were too broad. After conducting his own tests on a Barna Bow, and consulting his patent attorney, Allen filed a disclaimer of his own patent claims 1, 2 and 11. Allen did not disclaim the Allen patent claims 3 through 6 because he allegedly believed, and Allen Archery still contends in this appeal, that claims 3 through 6 describe a patentable improvement over Barna.
 
 
 8
 The district court held, and we adopt its holding, that claims 3 through 6 are also invalid under Barna, and that those claims are not definitely distinguishable from disclaimed claims 1, 2 and 11. If the Maytag rule were still applicable, these findings would have required the district court to invalidate the entire Allen patent.
 
 DISCUSSION
 1. The Repealed Statutes
 
 9
 Former statute 35 U.S.C. § 71 (repealed 1952) provided that a patentee who inadvertently claimed one or more invalid claims might still enforce, in an infringement action, any remaining valid claims of the same patent. However, it also provided that "no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer."
 
 
 10
 In other words, one invalid claim would bar enforcement of the entire patent if a disclaimer should have been, and was not, filed. 35 U.S.C. § 65 (repealed 1952) was a related statute authorizing disclaimer of part of a patent. Section 65 alluded to the unreasonable "delay" provision in section 71, but did not itself directly establish a duty to disclaim.
 
 2. The Maytag Doctrine
 
 11
 In Maytag Co. v. Hurley Machine Co., 307 U.S. 243, 245, 59 S.Ct. 857, 859, 83 L.Ed. 1264 (1939), the Supreme Court held,
 
 
 12
 There has been unreasonable neglect or delay in entering a disclaimer of (a claim) ... within the meaning of (35 U.S.C. §§ 65 and 71), unless that claim is "definitely distinguishable from the parts claimed without right."-that is, the disclaimed ... claims.
 
 
 13
 Under Maytag, a patentee who filed a disclaimer of some invalid claims had a duty to disclaim other claims which were so similar as to "describe but a single method." Id. at 246, 59 S.Ct. at 859. In Maytag, the patentee had disclaimed an invalid claim but retained a claim which differed only in using slightly different language to describe the same method. Because the patentee's failure to disclaim both claims was found to be unreasonable, the entire patent was held invalid.
 
 
 14
 In the present case, the district court specifically held that Allen's patent claims 3-6 are not "definitely distinguishable" from the disclaimed claims 1, 2 and 11. Therefore, the Allen patent would be subject to invalidation under the Maytag rule. We do not need to decide whether claims 3-6 are "distinguishable" from the disclaimed claims, because we agree with the district court's holding that the rule of Maytag is no longer the law.
 
 3. The 1952 Amendments
 
 15
 The rule of Maytag was implicitly rejected by Congress when 35 U.S.C. §§ 65 and 71 were repealed in 1952. 35 U.S.C. § 288, (1976), which replaced former section 71, deleted the duty to disclaim invalid claims. Section 253, which replaced former section 65, deleted the reference to "unreasonable delay" as affecting the remaining valid claims. Section 288 provides in full:
 
 
 16
 Whenever, without deceptive intention, a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent & Trademark Office before the commencement of the suit.
 
 
 17
 Under this law, the only sanction for any failure to disclaim is the inability to recover costs. The revisor's note to section 288 states, "The necessity for a disclaimer to recover on valid claims is eliminated." The legislative history of section 288 is also helpful:There is now a provision in the statute under which an invalid claim must be disclaimed without unreasonable delay in order to save the rest of the patent. What delay is unreasonable is presently quite confusing ....
 
 
 18
 S.Rep.No.1979, 82d Cong., 2d Sess., reprinted in 1952 U.S.Code Cong. & Ad. News 2394, 2401.
 
 4. The Maytag rule is no longer law
 
 19
 Maytag was expressly based on the "unreasonable delay" language which was eliminated in 1952. The only condition remaining under section 288 for enforcement of valid claims is that "the (invalid) claim must be invalid 'without any deceptive intention.' " Kearny & Trecker Corp. v. Giddings & Lewis, Inc., 452 F.2d 579, 596 (7th Cir. 1971), cert. denied, 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972).
 
 
 20
 The only argument for the continued life of the Maytag doctrine is that the "without deceptive intention" requirement of sections 253 and 288 was intended to preserve a duty to disclaim. This appears to be the rationale of the court in Kraftco Corp. v. Beatrice Foods Co., 342 F.Supp. 1361 (D.N.J.1971). In that case, the Maytag rule was applied to invalidate a patent, see id. at 1378, and the court used the "deceptive intent" language of section 253 to support its holding. Id. at 1383.
 
 
 21
 The language of sections 253 and 288 simply says that the claims must be invalid without deceptive intent. Standing alone, this language may be ambiguous: it is not entirely clear that it refers only to the intent in originally filing a specious claim, as opposed to intent in allowing a claim, later learned to be invalid, to remain in the patent. However, viewed in the context of the legislative history described above, the statute appears not to require any duty to disclaim an invalid claim as a condition for patent enforcement of a valid claim. It is significant that the two former sections also contained language remarkably similar to the "deceptive intent" language,[1] independent of the duty to disclaim provisions. In the former statutes, then, "deceptive intent" did not refer to intent in failing to disclaim. There is no reason to suppose that the 1952 express deletion of the duty to disclaim was intended to place a new construction on the remaining "deceptive intent" language. We are thus led to the conclusion that under present law a disclaimer is never a prerequisite for enforcement of valid patent claims.
 
 
 22
 The other case cited by Jennings on this issue, Strong v. General Electric Co., 434 F.2d 1042, 1045 (5th Cir. 1970), relied on another pre-1952 Supreme Court case, Marconi v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943), which held that a patentee had an affirmative duty to disclaim invalid claims without unreasonable delay. Marconi, like Maytag, was decided under repealed sections 65 and 71. We hold that, to the extent that it imposed a duty to disclaim invalid claims as a prerequisite to recovery on valid claims, Marconi was also rendered inapplicable by the 1952 acts of Congress.
 
 
 23
 In the present case, the district court found that Holless Allen filed his patent claims and supporting affidavit in good faith and without deceptive intent. The provisions of sections 253 and 288 do not prevent the enforcement of the valid claims of the Allen patent.
 
 CONCLUSION
 
 24
 We hold that the rule of Maytag Co. v. Hurley Machine Co. and Marconi v. United States did not survive the repeal in 1952 of former statutes 35 U.S.C. §§ 65, 71. The failure of a patentee to disclaim an invalid patent claim does not prevent the patentee from enforcing any remaining claims in the same patent which are otherwise valid.
 
 
 25
 The district court's holding is affirmed.
 
 
 
 [1]
 In former section 65, the language is "deceptive intention;" section 71 says "intent to defraud or mislead." For the text of repealed Title 35 see 35 U.S.C.A. App. II (West 1952)