ALLEN ARCHERY, INC.,
Plaintiff–Appellant,

v.

BROWNING MANUFACTURING COM-
PANY, Browning,
Defendants/Cross–Appellants.

ALLEN ARCHERY, INC.,
Plaintiff–Appellant,

v.

BINGHAM PROJECTS, INC., Elmont
L. Bingham, and Joyce M. Bingham,
Defendants–Appellees.

BROWNING MANUFACTURING COM-
PANY, Plaintiff/Cross–Appellant,

v.

ALLEN ARCHERY, INC.,
Defendant–Appellant.

Nos. 89–1309, 89–1310.

United States Court of Appeals,
Federal Circuit.

March 19, 1990.

D.A.N. Chase, Linde Thomson Langwor-
thy Kohn & Van Dyke, P.C., Overland
Park, Kan., for plaintiff-appellant. With
him on the brief were Harlan H. Huebner,
Law Offices of Harlan P. Huebner, Los

Angeles, Cal. and Robert R. Mallinckrodt, Mallinckrodt & Mallinckrodt, Salt Lake City, Utah.

David V. Trask, Trask, Britt & Rossa, Salt Lake City, Utah, for defendants-appellees. With him on the brief was Thomas J. Rossa.

Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MILLS,* District Judge.

FRIEDMAN, Senior Circuit Judge.

These are an appeal and a cross-appeal from a judgment of the United States District Court for the District of Utah in the accounting phase of a patent infringement suit awarding damages. *Allen Archery, Inc. v. Browning Mfg. Co.,* Final Judgment on Accounting, No. NC 77–0072–A (D. Utah Dec. 30, 1988). The issues involve the basis upon which the district court determined the amount of the reasonable royalty (which was the measure of damages) and the correctness of the district court's award of prejudgment and compound interest. We vacate in part, affirm in part, and remand for further proceedings.

I

A. In 1977, the appellant Allen Archery, Inc. (Allen) filed suits against the appellees Browning and its wholly owned subsidiary Browning Manufacturing Company (Browning Mfg.) (collectively referred to as the Browning defendants) and three others. The suits charged that the defendants had infringed Allen's '495 patent covering an archery bow known in the trade as a "compound bow" and that Browning Mfg. had breached a patent licensing agreement with Allen.

Prior to filing these suits, Allen had filed suit in the United States District Court for the Central District of California charging that Jennings Compound Bow, Inc., had infringed the Allen patent. The Browning defendants moved for a stay of proceedings in this case pending the decision in

*Jennings.* Allen initially opposed the stay. Allen then requested the Judicial Panel on Multidistrict Litigation to consolidate discovery in the present case with the *Jennings* case. The panel denied the request, but suggested that to avoid duplicate efforts the parties could seek stays. Allen and the defendants then filed a joint motion to stay the present case until *Jennings* was decided, which the district court granted. The result was that the present case was stayed for approximately three years.

After trial, the court in *Jennings* held that six claims of the Allen patent were invalid and that four other claims were valid and infringed. *Allen Archery, Inc. v. Jennings Compound Bow, Inc.,* 211 USPQ 206, 215 (C.D.Cal.1981). The Ninth Circuit affirmed. *Allen Archery, Inc. v. Jennings Compound Bow, Inc.,* 686 F.2d 780, 216 USPQ 585 (9th Cir.1982).

B. The present case then was tried in the court on the liability issues. The court first ruled that Allen had not engaged in inequitable conduct before the Patent Office, so that the patent was not unenforceable on that ground. *Allen Archery, Inc. v. Browning Mfg. Co.,* 226 USPQ 315, 320 (D.Utah 1985).

After a further trial, the court held that the four claims of the Allen patent asserted in this case were valid and enforceable, and that the defendants had infringed those claims. It further ruled that Allen and Browning Mfg. had entered into an enforceable patent licensing agreement, that Browning Mfg. had breached the agreement, and that Allen was entitled to recover the royalties specified in the agreement.

In a lengthy opinion, this court affirmed the district court's judgment in all respects. *Allen Archery, Inc. v. Browning Mfg. Co.,* 819 F.2d 1087, 2 USPQ2d 1490 (Fed.Cir. 1987).

C. In the accounting phase of the case, Allen introduced a three-volume report of an examination of the books of Browning and Browning Mfg. by an accounting firm,

* Richard Mills of the United States District Court for the Central District of Illinois, sitting by designation.

which the district court described as "comprehensive." *Allen Archery, Inc. v. Browning Mfg. Co.*, Findings of Fact and Conclusions of Law Re: Damages, No. NC 77–0072–A, slip op. at 3 (Dec. 22, 1988). The accountant who prepared the report testified at the hearing on damages. *Id.* at 4.

The district court held that Allen was entitled to damages equal to "a reasonable royalty for the use made of the compound bow invention by Browning and [Browning Mfg.]," Conclusion of Law 2, and that the proper royalty rates were those in the non-exclusive licenses "offered by Allen and accepted by other compound bow manufacturers," which constituted "an established royalty that meets the test for reasonableness" of this court. Conclusion of Law 3. The parties do not challenge either of these rulings.

The court found that the accountant "properly identified all compound bows manufactured and sold by [Browning Mfg.] and Browning for the period of the accounting," Finding 11, and that "[t]he assessment of damages is properly computed on all compound bows manufactured and sold by [Browning Mfg.] and/or Browning as set forth in the accountants' report...." Finding 12.

The Allen licensing agreement, which the district court held was the proper basis for computing a reasonable royalty, stated that the net selling price of the bows, upon which the royalty was calculated, "shall be based on a genuine invoice or billhead price established in normal, bona fide, arms-length transactions." Finding 19 (quoting the "revised Allen license agreement of July 1, 1977").

Browning Mfg. manufactures archery bows. Finding 16. Browning is a seller of sporting goods, including archery equipment. Browning acquires the merchandise from related and unrelated manufacturers and resells it to distributors and dealers. Finding 15. The district court found that Browning Mfg. sold "[s]ubstantially all" of the compound bows it manufactured to Browning for resale by the latter, Finding 16, and that "[m]ost" of the compound

bows Browning sold were manufactured by Browning Mfg. Finding 17.

The court found that Browning Mfg. "sells bows to Browning at a price jointly established by management of the companies." Finding 18. It further found that "[a]lthough Allen has asserted that the close relationship between Browning and [Browning Mfg.] establishes that their dealings with each other are not at arm's length, no evidence was introduced comparing [Browning Mfg.] and Browning's bow prices with the prices charged by other, unrelated manufacturers for comparable bows." Finding 20. The court concluded that "the net selling prices of bows at the [Browning Mfg.] level are the prices to which the royalty rates of Findings 2 and 3 should be applied for the purposes of this accounting." Finding 22.

The court held that Allen was entitled to prejudgment interest, Finding 24, except for the

> period of approximately three years in 1978–81 during which this case was stayed pending the outcome of the *Jennings* litigation in California. Responsibility for the three-year delay must be shared equally by both Allen and Browning/[Browning Mfg.], as the stay was granted by this court pursuant to a joint motion by the parties.

Finding 25 (citation omitted).

The court computed the prejudgment interest based on the annualized yield of three-month United States Treasury bills, compounded quarterly. It explained: "The three-month Treasury Bill represents a benchmark as the shortest term, risk-free investment available to ordinary investors and is a proper basis upon which to compensate Allen for the foregone use of the money." Finding 26.

The court's final judgment awarded Allen damages of $1,629,714 and prejudgment interest of $957,712.12.

## II

A. In its appeal, Allen challenges the district court's use of the price at which Browning Mfg. sold the infringing bows to

Browning as the basis for calculating the amount of the royalty. Allen contends that the correct price for calculating the royalty was the price at which Browning resold the bows to its customers. We agree.

As noted, the parties do not challenge the district court's use of Allen's industry-wide licensing agreement as the basis for determining the amount of a reasonable royalty. This agreement provides for calculating the royalty as a percentage of the "net selling price," based upon an invoice or billhead price "established in normal, bona fide, arms-length transactions."

The agreement does not address the issue whether the "selling price" in this case was the price at which (1) Browning Mfg. sold to Browning or (2) Browning sold to its customers. The district court used the price at which Browning Mfg. sold to Browning, because "no evidence was introduced comparing [Browning Mfg.'s] and Browning's bow prices with the prices charged by other unrelated manufacturers for comparable bows." The prices at which Browning Mfg. sold to Browning, however, could be the basis for determining a reasonable royalty only if those prices had been "established in normal, bona fide, arms-length transactions," as the license agreement required.

The district court did not find that Browning Mfg.'s prices to Browning were the result of "bona fide, arms-length transactions." It found only that these prices were "jointly established by the management of the companies." That fact, however, does not establish that the companies set the prices as a result of arm's-length bargaining. In the absence of arm's-length bargaining, the prices at which Browning Mfg. sold to Browning were not a "net selling price" under Allen's industry-wide licensing agreement which, as noted, the parties and the district court agreed was the proper basis for determining a reasonable royalty.

Since the prices at which Browning Mfg. sold to Browning could not be used, the proper basis for determining a reasonable royalty was the prices at which Browning itself sold the infringing bows to its customers, which obviously were established in arm's-length transactions. The case accordingly will be remanded to the district court to redetermine on that basis the reasonable royalty to which Allen is entitled.

B. In their cross-appeals, the Browning defendants contend that the district court awarded damages covering the sale of bows that Allen failed to prove had infringed.

The district court made detailed findings with respect to which bows were infringing. The court discussed two stipulations dealing with the infringing bows, Findings 5 & 7, found that the bows discussed in one of the stipulations literally infringed three of the claims at issue, Finding 8, described the steps the accountants followed "to establish which bows in the records under examination are 'compound bows,' other than the thirteen models in evidence at the liability trial," Finding 9, and concluded that "the accountants properly identified all compound bows manufactured and sold by [Browning Mfg.] and Browning for the period of the accounting." Finding 11. The court concluded: "The assessment of damages is properly computed on all compound bows manufactured and sold by [Browning Mfg.] and/or Browning as set forth in the accountants' report...." Finding 12.

These findings are not clearly erroneous, and they support the district court's conclusion on the number and identity of infringing bows that Browning Mfg. and Browning sold.

The Browning defendants made a similar argument in the prior appeal, which we also rejected. As we there stated:

Browning contends that none of the bows introduced in evidence was manufactured before the complaint was filed. The district court found, however, that "each of the ... compound bow[s] manufactured and sold by the Browning parties is mechanically the same as" the Browning bows that were introduced in evidence. Finding 31.

Browning does not contend that this finding was clearly erroneous, and we

cannot say that it is. The alleged error to which Browning refers was harmless. *Allen v. Browning Mfg.*, 819 F.2d at 1098, 2 USPQ2d at 1498.

## III

Both parties challenge the award of prejudgment interest.

■ A. In their cross-appeal, the Browning defendants contend that no prejudgment interest should have been awarded. Relying on the statement in *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656, 103 S.Ct. 2058, 2062–63, 76 L.Ed.2d 211 (1983), that a patent owner's damages from infringement "consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment," they assert that because Allen's business consisted solely of licensing its patent, the loss of the royalty payments did not injure Allen by denying it the use of money that it otherwise would have had.

This contention rests upon a misreading of *Devex* and our cases applying that decision. *Devex* stated that "prejudgment interest should ordinarily be awarded under [35 U.S.C.A.] § 284," 461 U.S. at 656, 103 S.Ct. at 2063, and that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *Id.* at 657, 103 S.Ct. at 2063. *See also Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800, 6 USPQ2d 1878, 1881 (Fed.Cir.1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.").

The rationale of *Devex* is that "[i]n the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." 461 U.S. at 655, 103 S.Ct. at 2062. It would be inconsistent with that rationale to require that, in order to award prejudgment interest, the district court first would have to consider and determine what use the patentee would have made of the royalty payments it should have received.

■ B. The cross-appellees also argue that the district court erred in awarding compound interest. "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio–Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969, 1 USPQ2d 1191, 1194 (Fed.Cir.1986). The district court did not abuse its discretion in compounding post-judgment interest.

■ C. Allen argues that the district court erred in excluding from the period for which it awarded prejudgment interest the time during which the present case was stayed pending the decision in the *Jennings* case. The court stated that "[r]esponsibility for the three-year delay must be shared equally by both Allen and Browning/[Browning Mfg.], as the stay was granted by this court pursuant to a joint motion by the parties." The court concluded that "in its discretion" it would not "award interest to Allen for this period."

*Devex* recognized that section 284 "leaves the court some discretion in awarding prejudgment interest. For example, it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit." 461 U.S. at 656–57, 103 S.Ct. at 2062–63 (footnote omitted). *See also Nickson Indus.*, 847 F.2d at 800, 6 USPQ2d at 1881 ("District courts have discretion to limit prejudgment interest where, for example, the patent owner has caused undue delay in the lawsuit, but there must be justification bearing a relationship to the award." (citations omitted)).

In the present case, Allen cannot properly be denied prejudgment interest because it, jointly with the Browning defendants, sought a stay of this case pending the decision in *Jennings*. The stay originally was sought only by the Browning defendants, and Allen opposed it. Allen only joined in the stay request after the Panel on Multidistrict Litigation had denied Allen's motion to consolidate discovery proceedings and suggested that the parties seek a stay. In these circumstances, Allen

cannot be said to have "caused," *see Nickson Indus.*, the three-year delay in the present case until *Jennings* was decided.

Furthermore, the delay in the present case was neither "undue" nor unjustified. To the contrary, the postponement of proceedings in this case until *Jennings* was decided was in the public interest because it furthered the possible and actual conservation of judicial and attorney resources. If the *Jennings* court had held all of the Allen claims invalid instead of just six, there would have been no need for this case to be tried. The invalidation of six of the Allen patent claims in *Jennings*, which claims Allen then disclaimed before the Patent Office, substantially simplified the trial of the present case.

In sum, although the district court has "some discretion in awarding prejudgment interest," *Devex*, 461 U.S. at 656–57, 103 S.Ct. at 2063, the district court here abused its discretion in declining to award prejudgment interest for the period during which the present case was stayed pending the decision in *Jennings*.

## CONCLUSION

The judgment of the district court is vacated insofar as it (1) calculated a reason-able royalty on the basis of the prices at which Browning Mfg. sold its bows to Browning, and (2) refused to award prejudgment interest for the period during which this case was stayed pending the decision in *Jennings*. The case is remanded to the district court to (1) redetermine the amount of reasonable royalties based upon the price at which Browning sold the infringing bows to its customers, and (2) increase the award of prejudgment interest to include the period during which the case was stayed pending the *Jennings* decision. In all other respects, the judgment of the district court is affirmed.

## COSTS

Costs to the appellant, Allen Archery, Inc.

**VACATED IN PART, AFFIRMED IN PART AND REMANDED.**