**BAYER AG and Miles, Inc., Plaintiffs,**

v.

**BARR LABORATORIES,
INC., Defendant.**

**No. 92 Civ. 0381 (WK).**

United States District Court,
S.D. New York.

Sept. 8, 1992.

Addendum to Opinion, Nov. 10, 1992.

---

Gerald Sobel, Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs.

Myron Cohen, Thomas C. Pontani, Cohen, Pontani, Lieberman & Pavane, New York City, for defendant.

## OPINION AND ORDER

### WHITMAN KNAPP, District Judge.

Plaintiffs Bayer AG, a German corporation, and Miles, Inc., its wholly owned United States subsidiary (collectively, "plaintiff") move pursuant to Fed.Rule of Civ. Pro. 56(c) for partial summary judgment. Plaintiff filed the instant suit against defendant Barr Laboratories, Inc. alleging patent infringement pursuant to 35 U.S.C. § 271(e)(2). Defendant's Answer and Counterclaim asserted in two affirmative defenses and two counterclaims that plaintiff's U.S. Patent No. 4,670,444 (the " '444 patent") is invalid for obviousness-type double patenting. Plaintiff now moves to dismiss those defenses and counterclaims on the basis of a terminal disclaimer it subsequently filed pursuant to 35 U.S.C. § 253. Neither party raises any other question at this time. For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

On June 2, 1987 the United States Patent Office issued the '444 patent to plaintiff, for which an application had been first filed in 1981. Plaintiff also owns two earlier-issued patents that resulted from later-filed applications. These patents had been issued on October 1, 1985—No. 4,544,658 (the "Petersen '658 patent")—and December 3, 1985—No. 4,556,658 (the "Grohe '658 patent"), and will expire on October 1, 2002 and December 3, 2002 respectively. The '444 patent claims an antibiotic known as ciprofloxacin, which is marketed under the registered name of Cipro. Cipro has proven to be a very effective, popular, and profitable drug and was rapidly adopted by a majority of hospitals and practitioners in the medical community. Pl.Mem. at 4–6.

Defendant is a drug manufacturer in the business of producing generic versions of usually costly brand-name drugs. On December 6, 1991 defendant, as required by the Act, notified plaintiff that it had filed an Abbreviated New Drug Application ("ANDA") with the Patent and Trademark Office pursuant to 21 U.S.C. §§ 355(j)(2)(B)(i) and (ii), seeking to reproduce the compound ciprofloxacin. Defendant, again as required, also informed plaintiff of the specific grounds on which it based its belief that plaintiff's '444 patent is invalid: obviousness-type double patenting and plaintiff's inequitable conduct during the application process. Pl. Exh. D at 1–2. No question concerning the second of these alleged grounds is presented by plaintiff's motion.

Plaintiff commenced the instant action on January 16, 1992, alleging that defendant's filing of the ANDA infringed upon the '444 patent, and that defendant's production of a ciprofloxacin drug if the ANDA were approved would constitute further infringement. The complaint seeks, *inter alia*, permission to file a terminal disclaimer pursuant to § 253 of the Patent Code disavowing that period of the '444 patent's 17–year term that would extend past the expiration date of any patent (which would include the Grohe and Petersen '658 patents) over which obviousness-type double patenting might be found. Pl. Exh. E at ¶¶ 10–11, 14(f). Defendant's Answer and Counterclaim, filed February 10, asserts the defenses and counterclaims plaintiff challenges in the instant motion. Pl. Exh. F at ¶¶ 17–18, 22–23. Thereupon plaintiff on February 21 filed a terminal disclaimer with the Commissioner of Patents and Trademarks disclaiming the any part of the '444 patent that extends past the October 1, 2002 expiration date of the Petersen '658 patent. Pl. Exh. G. Subsequently, on March 4, plaintiff answered the counterclaims, asserting that its terminal disclaimer obviated defendant's claim of obviousness-type double patenting, and on April 27 filed the motion now before us.

## DISCUSSION

Patent law recognizes two types of "double patenting" that can invalidate or render unenforceable a later issued patent. Double patenting of the "same invention" type, with which we are not here concerned, occurs when a person seeks a second patent for the same invention for which a patent has already been issued.

Double patenting of the obviousness type is a judicially created doctrine designed "to prevent the extension of the term of a patent ... by prohibiting the issuance of the claims in a second patent not patently distinct from the claims of the first patent." *In re Longi* (Fed.Cir.1985) 759 F.2d 887, 892. That is, where one or more claims of a patent are "obvious from the subject matter of the claims in the first patent, in light of the prior art" (*id.* at 893),

courts have determined that a second patent should not extend the life of an earlier one past the expiration of its legal 17–year term. The policy undergirding this doctrine is that "the public should ... be able to act on the assumption that upon the *expiration* of the patent it will be free to use not only the invention claimed in the patent but also modifications" of that invention. *In re Zickendraht* (1963) 319 F.2d 225, 232, 50 CCPA 1529. *See also Adidas Fabrique v. Andmore Sportswear Corp.* (S.D.N.Y.1984) 578 F.Supp. 1568, 1576 ("the major reason for the 'obviousness-type' double patenting doctrine is to prevent the extension of the original patent's monopoly beyond the time period allowed by law").

█ It is settled law that the filing of a terminal disclaimer pursuant to § 253 of the Patent Code, 35 U.S.C. § 253, cures obviousness-type double patenting.[1] *See, e.g., In re Longi* 759 F.2d at 894 (in application situation, "[i]t is well established that ... a terminal disclaimer ... overcome[s] a rejection based on double patenting of the obviousness type"), *Ortho Pharmaceutical Corp. v. Smith* (Fed.Cir.1992) 959 F.2d 936, 22 USPQ 2d 1119, 1123 ("obviousness-type double patenting can be overcome by filing a terminal disclaimer"), *Sarkisian v. Winn–Proof Corp.* (9th Cir.1983) 697 F.2d 1313, 1326 ("patents are not void for 'obviousness' type double patenting so long as there is no danger that the later ... patent will impermissibly extend the original patent's monopoly ... the terminal disclaimer effectively dispense[s] with th[at] problem"), *In re Jentoff* (1968) 392 F.2d 633, 640, 55 CCPA 1026.

As plaintiff has undisputedly filed a terminal disclaimer, it would appear entitled to summary judgment on this question as a matter of law. Before reaching such a conclusion, however, we must turn to the Patent Code to resolve whether or not defendant is correct in asserting that plaintiff has improperly invoked § 253. That section, defendant contends, permits a patentee to dispose of obviousness-type double patenting by filing a terminal disclaimer if and only if the invalid claims sought to be disclaimed were obtained "without any deceptive intention," and are disclaimed without unreasonable delay.

Under former §§ 65 and 71 of the Patent Code, which originally controlled a patentee's right to disclaim specific claims of a patent, the law regarding a patentee's failure to disclaim was severe. In *Maytag Co. v. Hurley Machine Co.* (1939) 307 U.S. 243, 245, 59 S.Ct. 857, 859, 83 L.Ed. 1264 and *Marconi v. United States* (1943) 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731, the Supreme Court addressed §§ 65 and 71, holding in *Maytag* that patentees had an affirmative duty to disclaim both invalid claims as well as claims that are not "definitely distinguishable" from the invalid ones, and in *Marconi* that such patentees must disclaim such claims without unreasonable delay. Failure to disclaim a single claim later found to be invalid, or unreasonable delay in so disclaiming such a claim, rendered all claims of a patent void or unenforceable.

To soften the effects of this harsh all-or-nothing rule, yet prevent patent holders or applicants from extending the life of a later issued patent, Congress in 1952 replaced §§ 65 and 71 with the current §§ 253 and 288. Section 253, entitled "Disclaimer," states:

> Whenever, without any deceptive intention, a claim of a patent is invalid, the remaining claims shall not thereby be rendered invalid. A patentee, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of any complete claim, stating therein the extent of his interest in such patent. Such disclaimer shall be in writing, and recorded in the Patent and Trademark Office....
>
> In like manner any patentee or applicant may disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted or to be granted.

The first paragraph of § 253 describes the process by which a patentee can disclaim any claim in a patent that, after the patent has been issued, it discovers or determines is actually invalid. The second paragraph is addressed to the "terminal disclaimer," which does not abandon a claim of a patent, but only disclaims that portion of a later-issued patent's 17–year term that extends past the expiration date of an earlier-issued patent that makes claims that might subject the later-issued patent to obviousness-type double patenting.

---

**1.** The effect of such a disclaimer has also been clearly "circumscribed." *Quad Environmental Tech. v. Union Sanitary Dist.* (Fed.Cir.1991) 946 F.2d 870, 874. The court there observed:

> In legal principle, the filing of a terminal disclaimer simply serves the statutory func-

tion of removing the rejection of double patenting, and raises neither presumption nor estoppel on the merits of the rejection. It is improper to convert this simple expedient of "obviation" into an admission of acquiescence or estoppel on the merits.

Section 288 also relates to disclaimers (and indeed only applies to cases in which a disclaimer is necessary to save a patent) and potentially limits the costs available to a patentee who successfully sues for infringement:

> Whenever, without deceptive intention, a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid mark has been entered at the Patent Office before the commencement of the suit.

■ The enactment in 1952 of the new §§ 253 and 288 eliminated the drastic result of invalidity of the entire patent because a patentee failed to disclaim all invalid claims or unreasonably delayed in so disclaiming. See Allen Archery v. Jennings Compound Bow, Inc. (9th Cir.1982) 686 F.2d 780, 783 [hereinafter "Jennings"] ("The failure of a patentee to disclaim an invalid patent claim does not prevent the patentee from enforcing any remaining claims in the patent which are otherwise valid"); see also Allen Archery, Inc. v. Browning Mfg. Co. (Fed. Cir.1987) 819 F.2d 1087, 1097 [hereinafter "Allen"] (Federal Circuit adopts Jennings). However, where there is deceptive intent on the patentee's part in obtaining the patent itself, a question entirely distinct from a § 253 disclaimer, the old rule would apply to render the entire patent unenforceable. See J.P. Stevens & Co. Inc. v. Lex Tex Ltd., Inc. (Fed.Cir.1984) 747 F.2d 1553, 1561–62.

■ Turning to defendant's arguments, it is clear that defendant's contention that the "deceptive intention" language in § 253

limits the filing of a terminal disclaimer is without foundation. "In the former statutes ... 'deceptive intent' did not refer to intent in failing to disclaim." Jennings, 686 F.2d at 783. The Ninth Circuit could find "no reason to suppose that the 1952 express deletion of the Maytag duty to disclaim was intended to place a new construction on the remaining 'deceptive intent' language"—that is, the reimportation of the deleted duty. Id. Similarly, we see no reason to suppose that Congress intended to place any other new construction—such as tying it to the terminal disclaimer—on the remaining language. We conclude, therefore, that plaintiff's intent, deceptive or otherwise, is irrelevant to its decision to file a terminal disclaimer.[2]

■ Defendant's reimportation of the requirement from § 288's predecessor section that the patentee file a terminal disclaimer without unreasonable delay is equally misguided. Defendant bases this contention on Strong v. General Electric Co. (N.D.Ga.1969) 305 F.Supp. 1084. The district court there erroneously relied on the Marconi rule regarding the obliterative effect of a patentee's unreasonable delay in disclaiming invalid claims on a patent, and invalidated the entire patent at issue. Id. at 1088. However, the Federal Circuit, when it adopted the Ninth Circuit's holding in Jennings that Strong and Marconi were both "rendered inapplicable by the 1952 acts of Congress," held that this rule was eliminated by the enactment of the new § 288.[3] Jennings 686 F.2d at 783. We thus conclude that the question of delay is irrelevant to the filing of a terminal disclaimer.[4]

---

**2.** The requirement of a patentee's acting without deceptive intention is, of course, precisely pertinent to defendant's affirmative defense and counterclaim that the '444 patent is invalid because of plaintiff's *inequitable conduct*, an allegation that plaintiff has not challenged in the instant motion, and we accordingly do not here address.

**3.** Indeed, the Senate Report on the 1952 revision explicitly explained that:

> there is now a provision in the statute under which an invalid claim must be disclaimed without unreasonable delay in order to save the rest of the patent. What delay is unreasonable is presently quite confusing ...
> The bill has eliminated that requirement.

S.Rep. No. 1979, 82d Cong., 2d Sess., *reprinted in* 1952 U.S.Code Cong. & Admin.News 2394, 2401–03.

**4.** In this respect, we decline to follow the holding in CMI Corp. v. Lakeland Construction Co.,

Inc. (N.D.Ill.1975) 184 USPQ 721 insofar as the court can be said to have there found the filing of a terminal disclaimer ineffective on the ground of unreasonable delay. First, the double patenting at issue appears to have been of the "same invention" type, upon which a terminal disclaimer has no effect, and not of the obviousness type, which such a disclaimer cures. As the court wrote, "the terminal disclaimer ... cannot avoid the invalidity of the later filed patent to the *same subject matter*." Id. at 727 (emphasis added). Second, the court's concern "with the timing of the disclaimer, coming at such a late date [the "eve of trial" two years after the suit was filed], especially since defendant's answer had raised the issue several years earlier" is inapplicable to the facts before us. See supra p. 197–98 (timing of filing of terminal disclaimer). Moreover, to the extent CMI contradicts the holding in Allen, we must reject it.

■ Finally we reject defendant's additional contention that the cost provision in § 288 requires denial of the motion. We cannot understand how a dismissal of defendant's obviousness-type double patenting defenses and counterclaims would in any way prejudice its rights under § 288. That section unequivocally states that no costs are recoverable unless the disclaimer predates the filing of the lawsuit, and plaintiff undisputedly did not file its terminal disclaimer until after the commencement of its suit. Thus plaintiff will not recover costs if at the conclusion of this litigation we determine that § 288 is applicable.

We have considered defendant's other contentions and find them irrelevant to the instant question of the effectiveness of plaintiff's terminal disclaimer, being more appropriately addressed to the issue of plaintiff's alleged inequitable conduct, which is not presented by plaintiff's motion.

Accordingly, plaintiff's motion for partial summary judgment is granted. The Clerk of the Court is directed to enter judgment dismissing defendant's second and third affirmative defenses and second and third counterclaims.

SO ORDERED.

### ADDENDUM TO OPINION AND ORDER

Defendant asks us to clarify our Opinion and Order filed on September 8, 1992. We then postponed until after the conclusion of this litigation resolution of the question whether § 288 of the Patent Code, 35 U.S.C. § 288, is applicable to a § 253 terminal disclaimer and would prevent plaintiff from being awarded its costs in the event it should prevail on the merits (Opinion at 10). Defendant complains that, should we ultimately determine that § 288 does not cover terminal disclaimers, this postponement would prevent it from establishing that plaintiff's patent was invalid for obviousness-type double patenting, which it claims it could prove in order to block an award of costs to plaintiff.

The questions whether or not § 288 is here applicable—or, if not, whether proof of obviousness-type double patenting would bar an award of costs—present complicated legal problems that need not be resolved in this litigation. Plaintiff in its Memorandum in Opposition to Defendant's Motion for Reargument (at 4) points out that the amount of costs it could recover in this action is "trivial," and seems to suggest that it would not appeal a ruling establishing the applicability of § 288 made "at the end of the case." We thoroughly agree with plaintiff's estimate of the triviality of this question in a lawsuit involving hundreds of millions of dollars. We also find it highly undesirable to let such a triviality complicate an already difficult lawsuit, and see no reason why such complication cannot now be eliminated by a ruling that § 288 is here applicable and would bar plaintiff from being awarded costs. Accordingly, we so rule.[1] This ruling, made without considering the merits of any of the complicated questions involved, is obviously without precedential value.

SO ORDERED.

---

[1]. We need not concern ourselves with the possibility that we might have misread plaintiff's apparent concession that it would not appeal the ruling we now make. Should plaintiff prevail on the merits and then commit its corporate assets and energies to an appeal in search of costs, its Board of Directors might well be subjected to a derivative suit for waste of corporate assets. If plaintiff should not prevail upon the merits, the question of its costs would of course be moot.